UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE VARGAS, et al.

            Plaintiff(s),

     v.

COUNTY OF SAN BERNARDINO, et al.

           Defendant(s).

CASE NO:
5:25–cv–01893–JGB–E

STANDING ORDER

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

- Plaintiff(s) shall immediately serve this Order on all parties along with the Summons and Complaint.
- If this case came to the Court by noticed removal, the removing Defendant(s) shall serve this Order on all other parties.

     This action has been assigned to the calendar of Judge Jesus G. Bernal.

///

///

The Court and litigants bear joint responsibility for the progress of litigation in the Federal Courts. To secure the just, speedy, and inexpensive determination of every action, (Fed. R. Civ. P. 1), all counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.*

The Court further orders as follows:

**1.      Service of the Complaint.**  Plaintiff shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to L.R. 5–3.1.

**2.      Removed Actions.**  Any answers filed in state court must be re–filed in this Court (separately) as a supplement to the petition. Any pending motions must be re–noticed in accordance with L.R. 6–1.

**3.      Assignment to a Magistrate Judge.**  Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form.

**4.      Electronic Filing.**  As of January 1, 2008, the United States District Court for the Central District of California implemented mandatory electronic filing ("e–filing") of documents in all new and pending civil cases. Information about the Court's Electronic Case Filing system is available on the Court's website at www.cacd.uscourts.gov/cmecf.

All documents required to be "e–filed" in this matter can be found in General Order No. 10–07 and L.R. 5–4. The Court specifically directs litigants

to L.R. 5–4.3.1, requiring that all electronically filed documents be created by publishing the document to PDF, and not by scanning paper documents.

**5.      Mandatory Chambers Copies. Counsel shall provide one conformed chambers copy of ONLY the following filed documents.**

**Civil matters:** Motions and related documents (opposition, replies, exhibits); ex parte applications and related documents oppositions and exhibits); and Joint Rule 26(f) reports;

**Criminal matters:** All motions and related documents and exhibits; plea agreements(s); and sentencing memorandum and objections to the pre–sentence reports.

Chambers copies shall be delivered to the "Courtesy Box," located outside of Courtroom 1 on the 2nd floor at the United States District Court, 3470 Twelfth Street, Riverside, California 92501, **no later than 5:00 p.m. on the day following the "e–filing."** All chambers copies shall comply fully with the document formatting requirements of L.R. 11–3, including the "backing" and "tabbing" requirements of Local Rules 11–3.5 and 11–5.3, respectively. If the filing party and their counsel fail to deliver a mandatory chambers copy in full compliance with this Order and L.R. 11–3, the Court may, on its own motion, reschedule any related hearing and impose sanctions.

**6.      Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

///

7.      **Presence of Lead Counsel.**  Lead trial counsel for each party must attend any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

8.      **Discovery.**  All discovery matters have been referred to a United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials in the case number assigned to the matter. The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel shall deliver mandatory chambers copies of discovery–related papers to the Magistrate Judge assigned to the case rather than to this Court.

9.      **Motions – General Requirements.**

a.      <u>Time for Hearing Motions.</u>  Motions shall be filed and set for hearing in accordance with L.R. 6–1. Motions will be heard on Mondays commencing at 9:00 a.m. Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.

b.      <u>Length and Format of Motions.</u>  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court grant an application to extend these page limitations. When citing to legal databases, wherever possible cite to Westlaw rather than Lexis.

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds 200 pages, the documents shall be placed in a binder, with an index and with each item of evidence separated by a tab divider.

c.      <u>Withdrawal or Non–Opposition of Motions.</u>  **In the event that the parties resolve a pending motion,** *they must notify the Court*

**approximately one week before the hearing date.** Sanctions may issue for failure to comply with this requirement, or the broader requirement in L.R. 7–16 that any party who intends to withdraw a motion, not oppose a motion, or seek a continuance of the hearing date for a motion, must notify the court by noon on the Tuesday preceding the hearing date.

   **10.    Motions to Amend.**  In addition to the requirements of L.R. 15, all motions to amend pleadings shall (1) state the effect of the amendment and (2) identify the page(s), line number(s), and wording of any proposed change or addition of material.

   **11.    Class Actions.**  Not withstanding Local Rule 23–3, the deadline for the filing of a motion for class certification will be set during the Scheduling Conference and/or in a Scheduling Order. **NO REQUEST FOR RELIEF FROM LOCAL RULE 23–3 IS NECESSARY.**

   **12.    Motions for Summary Judgment or Partial Summary Judgment.** No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication. Parties offering evidence in support of, or in opposition to, a Rule 56 motion must cite to specific page and line numbers in depositions and paragraph numbers in affidavits. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th Cir. 2002).

          a.    Statements of Undisputed Facts and Genuine Disputes. The moving party's brief shall be accompanied by a Statement of Undisputed Facts ("SUF"). The SUF shall be presented in a table format and include the following columns:

       i.    The first column shall contain the number of the fact alleged to be undisputed.

      ii.    The second column shall contain a plain statement of the fact. **Facts shall not be compound**. If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

     iii.    The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include with its opposition a Statement of Genuine Disputes of Material Fact that includes the moving party's table; but the opposing party shall add a fourth column to the moving party's table identifying those facts that are in dispute, briefly explaining the dispute, and citing the evidence supporting the dispute. The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact. For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed. The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Dec. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| .  .  . | .  .  . | .  .  . | .  .  . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56–3.

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine disputes of material fact. The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF. For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| .  .  . | .  .  . | .  .  . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported. See generally

Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alteration omitted)))).

        b.   <u>Objections to Evidence</u>. Parties shall file any legal objections to the other party's proffered evidence under separate cover. The evidentiary objections should be presented in a three−column format and include the following columns:

         i.   The first column shall contain the number of the the fact objected to, using the numbering submitted in the moving party's SUF if applicable.

         ii.   The second column shall identify the item objected to, including its page and line number if applicable.

         iii.   The third column shall set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

For example:

| Fact No. | Fact | Objection |
|---|---|---|
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. (Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14) | Irrelevant. F.R.E. 402. |
| . . . | . . . | . . . |

    **13.**   ***Ex Parte* Applications**. *Ex parte* applications are considered on the papers and are not usually set for hearing. Counsel are advised that this Court allows ex parte applications solely for extraordinary relief. Sanctions may

be imposed for misuse of *ex parte* applications. See In re Intermagnetics Am., Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte* applications.

Counsel's attention is directed to L.R. 7–19. The moving party's declaration in support of an ex parte application shall show compliance with L.R. 7–19 and this Order and shall include a statement of opposing counsel's position. Failure to do so ensures the application will be DENIED. If counsel does not intend to oppose an *ex parte* application, counsel must inform the Courtroom Deputy Clerk, (951) 328–2254. As with all motion papers, counsel must deliver a conformed courtesy copy of the papers to the "Courtesy Box", located outside of Courtroom 1 on the 2nd floor at United States District Court, 3470 Twelfth Street, Riverside, California 92501. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or of a hearing time and date should the Court determine that a hearing is necessary.

**14.    Stipulations**. Stipulations extending scheduling dates set by this Court are not effective unless approved by the Court. Continuances will be granted only upon a showing of good cause.

**15.    Communications with Chambers.** Unless requested to do so, counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means. Counsel are directed to review the Central District's at http://www.cacd.uscourts.gov for the Local Rules, filing procedures, judges' procedures and schedules, calendars, forms, and Pacer access. Counsel may contact the Courtroom Deputy Clerk, Maynor Galvez, by telephone at (951) 328–2254 or by email at maynor_galvez@cacd.uscourts.gov only in the event that counsel cannot find the desired information through all available resources.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**16.    Telephonic Appearances.** Telephonic appearances will only be allowed upon good cause. To request a telephonic appearance counsel must file a request with a proposed order one week before the scheduling conference.

**IT IS SO ORDERED.**

Dated: August 7, 2025

_____

Jesus G. Bernal
United States District Judge

\*    Copies of the Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

Los Angeles Daily Journal
915 East 1st Street
Los Angeles, California 90012

West Publishing Company
610 Opperman Drive
Post Office Box 64526
St. Paul, Minnesota 55164–0526

Metropolitan News
210 South Spring Street
Los Angeles, California 90012