Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kathryn J. Harvey [Bar No. 241029]
  *kharvey@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant
COUNTY OF SAN BERNARDINO

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE VARGAS; FELIX GUADALUPE VARGAS, and S.V. and E.V., minors, by and through their Guardian ad Litem, Daniela Colmenares; individually and as successors-in-interest to Jefte Vargas Ramirez,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>　　　　Defendants. | Case No. 5:25-cv-01893-JGB-E<br><br>ASSIGNED FOR ALL PURPOSES TO HONORABLE JESUS G. BERNAL<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:　　　None Set<br>Action Filed:　　07/24/2025 |

COMES NOW, Defendant COUNTY OF SAN BERNARDINO ("Defendant"), and hereby answers the Complaint ("Complaint") filed by the Plaintiffs GUADALUPE VARGAS; FELIX GUADALUPE VARGAS, and S.V. and E.V., minors, by and through their Guardian ad Litem, Daniela Colmenares; individually and as successors-in-interest to Jefte Vargas Ramirez ("Plaintiffs") in the above-entitled action as follows:

/ / /

/ / /

## **INTRODUCTION**

1.    In answering paragraph 1, Defendant admits that there was an incident on December 16, 2024. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

2.    In answering paragraph 2, Defendant denies these allegations.

3.    In answering paragraph 3, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

4.    In answering paragraph 4, Defendants admit that Plaintiffs are ostensibly bringing this action pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California State Law.

## **JURISDICTION AND VENUE**

5.    In answering paragraphs 5, 6 and 7, Defendant admits that Plaintiffs are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331 and § 1343(a)(3)-(4) and 28 U.S.C. § 1367, and venue in the Central District of California. Except as so admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein.

6.    In answering paragraph 8, Defendant admits that Plaintiffs served a claim for damages with the COUNTY. Except as expressly admitted, this answering Defendant lacks information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every remaining allegations contained therein.

## **PARTIES**

7.    In answering paragraphs 9, 10, 11, 12, 13 and 14, this answering Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8.      In answering paragraph 15, Defendant admits that COUNTY OF SAN BERNARDINO operates the San Bernardino County Sheriff's Department. Except as expressly admitted, Defendant denies any remaining allegations contained in this paragraph.

9.      In answering paragraphs 16, 17, 18, 19, 20 and 21, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     In answering paragraph 22, Defendant admits that a San Bernardino County Sheriff Deputy responded to a call to the Metrolink rail lines near the intersection of Nevada Street and California Street in the City of Redlands, County of San Bernardino. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

11.     In answering paragraph 23, Defendant admits that a man was later identified as Jefte Vargas Ramirez. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations

12.     In answering paragraph 24, Defendant admits that a San Bernardino County Sheriff Deputy made verbal contact with Jefte Vargas Ramirez. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

13.     In answering paragraphs 25 and 26, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in these paragraphs.

14.     In answering paragraph 27, Defendant denies these allegations.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

15.     In answering paragraph 28, 29 and 30, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

16.     In answering paragraph 31, Defendant denies these allegations.

17.     In answering paragraph 32, Defendant denies these allegations.

18.     In answering paragraph 33, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

## FIRST CLAIM FOR RELIEF

19.     In answering paragraph 34, Defendant repeats each and every response to paragraphs 1 through 33 of Plaintiffs' complaint as if set forth fully herein.

20.     In answering paragraph 35, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

21.     In answering paragraphs 36, 37, 38, 39 and 40, Defendant denies these allegations.

22.     In answering paragraph 41, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

23.     In answering paragraph 42, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

24.     In answering paragraph 43, Defendant admits that Plaintiffs seek damages and attorney's fees in connection with this claim.

## SECOND CLAIM FOR RELIEF

25.     In answering paragraph 44, Defendant repeats each and every response to paragraphs 1 through 43 of Plaintiffs' complaint as if set forth fully herein.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

26.    In answering paragraph 45, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

27.    In answering paragraph 46, Defendant admits that the Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force during a seizure. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

28.    In answering paragraph 47, Defendant denies these allegations.

29.    In answering paragraph 48, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

30.    In answering paragraph 49, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

31.    In answering paragraph 50, Defendant denies these allegations.

32.    In answering paragraph 51, Defendant admits that Plaintiffs seek damages. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

33.    In answering paragraph 52, Defendant admits that Plaintiffs seek attorney's fees and costs in connection with this claim.

34.    In answering paragraph 53, Defendant denies these allegations.

### THIRD CLAIM FOR RELIEF

35.    In answering paragraph 54, Defendant repeats each and every response to paragraphs 1 through 53 of Plaintiffs' complaint as if set forth fully herein.

/ / /

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

36.    In answering paragraph 55, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

37.    In answering paragraph 56, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

38.    In answering paragraph 57, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

39.    In answering paragraph 58, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

40.    In answering paragraph 59, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

41.    In answering paragraph 60, Defendant admits that Plaintiffs seek damages and attorney's fees in connection with this claim.

## FOURTH CLAIM FOR RELIEF

42.    In answering paragraph 61, Defendant repeats each and every response to paragraphs 1 through 60 of Plaintiffs' complaint as if set forth fully herein.

43.    In answering paragraphs 62 and 63, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in these paragraphs.

44.    In answering paragraph 64, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

45.    In answering paragraphs 65 and 66, Defendant denies these allegations.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

46.    In answering paragraph 67, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

47.    In answering paragraph 68, Defendant admits that Plaintiffs bring this action in their individual capacities. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

48.    In answering paragraph 69, Defendant admits that Plaintiffs seek damages and attorney's fees in connection with this claim.

49.    In answering paragraph 70, Defendant denies these allegations.

## FIFTH CLAIM FOR RELIEF

50.    In answering paragraph 71, Defendant repeats each and every response to paragraphs 1 through 70 of Plaintiffs' complaint as if set forth fully herein.

51.    In answering paragraph 72, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

52.    In answering paragraph 73, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

53.    In answering paragraph 74, including subsections (a) through (j), Defendant denies these allegations.

54.    In answering paragraph 75, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

55.    In answering paragraph 76, Defendant denies these allegations.

56.    In answering paragraph 77, Defendant denies these allegations.

57.    In answering paragraph 78, including subsections (a) through f), Defendant lacks sufficient information and belief to enable it to answer thereto and

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  basing its denial on that ground, denies generally and specifically each and every

2  allegation contained in this paragraph.

3      58.    In answering paragraph 79, Defendant denies these allegations.

4      59.    In answering paragraph 80, Defendant admits that Plaintiffs seek

5  damages and attorney's fees in connection with this claim.

6  **SIXTH CLAIM FOR RELIEF**

7      60.    In answering paragraph 81, Defendant repeats each and every response

8  to paragraphs 1 through 80 of Plaintiffs' complaint as if set forth fully herein.

9      61.    In answering paragraphs 82, 83, 84 and 85, Defendant denies these

10  allegations.

11      62.    In answering paragraph 86, Defendant lacks sufficient information and

12  belief to enable it to answer thereto and basing its denial on that ground, denies

13  generally and specifically each and every allegation contained in this paragraph.

14      63.    In answering paragraph 87, including subsections (a) through (f),

15  Defendant lacks sufficient information and belief to enable it to answer thereto and

16  basing its denial on that ground, denies generally and specifically each and every

17  allegation contained in this paragraph.

18      64.    In answering paragraph 88, Defendant lacks sufficient information and

19  belief to enable it to answer thereto and basing its denial on that ground, denies

20  generally and specifically each and every allegation contained in this paragraph.

21      65.    In answering paragraph 89, Defendant denies these allegations.

22      66.    In answering paragraph 90, Defendant admits that Plaintiffs seek

23  damages and attorney's fees in connection with this claim.

24  **SEVENTH CLAIM FOR RELIEF**

25      67.    In answering paragraph 91, Defendant repeats each and every response

26  to paragraphs 1 through 90 of Plaintiffs' complaint as if set forth fully herein.

27  / / /

28  / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

68.    In answering paragraph 92, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

69.    In answering paragraphs 93, 94 and 95, Defendant denies these allegations.

70.    In answering paragraph 96, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

71.    In answering paragraph 97, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

72.    In answering paragraph 98, Defendant denies these allegations.

73.    In answering paragraph 99, Defendant admits that Plaintiffs seek damages and attorney's fees in connection with this claim.

## EIGHTH CLAIM FOR RELIEF

74.    In answering paragraph 100, Defendant repeats each and every response to paragraphs 1 through 99 of Plaintiffs' complaint as if set forth fully herein.

75.    In answering paragraph 101, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

76.    In answering paragraph 102, Defendant admits that a San Diego County Sheriff Deputy used deadly force on December 16, 2024. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

77.    In answering paragraph 103, Defendant denies these allegations.

78.    In answering paragraph 104, Defendant denies these allegations.

79.    In answering paragraph 105, Defendant denies these allegations.

80.    In answering paragraph 106, Defendant lacks sufficient information and

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

81.    In answering paragraphs 107 and 108, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

82.    In answering paragraph 109, Defendant denies these allegations.

83.    In answering paragraph 110, Defendant admits that Plaintiffs seek damages in connection with this claim. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

## NINTH CLAIM FOR RELIEF

84.    In answering paragraph 111, Defendant repeats each and every response to paragraphs 1 through 110 of Plaintiffs' complaint as if set forth fully herein.

85.    In answering paragraph 112, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

86.    In answering paragraph 113, Defendant denies there was no justification for use of deadly force. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

87.    In answering paragraph 114, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

88.    In answering paragraph 115, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

89.    In answering paragraph 116, Defendant denies these allegations.

DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

90.     In answering paragraph 117, Defendant admits that Plaintiffs seek damages and punitive damages in connection with this claim.

## TENTH CLAIM FOR RELIEF

91.     In answering paragraph 118, Defendant repeats each and every response to paragraphs 1 through 117 of Plaintiffs' complaint as if set forth fully herein.

92.     In answering paragraph 119, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

93.     In answering paragraph 120, Defendant admits that law enforcement officers owe a duty to exercise reasonable care, however, the specifics of the duty depend on the context. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

94.     In answering paragraph 121, including subsections (a) through (h), Defendant denies that DOE 1 breached a duty or that his actions were negligent. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

95.     In answering paragraph 122, Defendant denies these allegations.

96.     In answering paragraph 123, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

97.     In answering paragraph 124, Defendant denies these allegations.

98.     In answering paragraph 125, Defendant admits that Plaintiffs seek damages in connection with this claim.

## ELEVENTH CLAIM FOR RELIEF

99.     In answering paragraph 126, Defendant repeats each and every response to paragraphs 1 through 125 of Plaintiffs' complaint as if set forth fully herein.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  100.  In answering paragraph 127, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

101.  In answering paragraph 128, Defendant admits the Bane Act forbids people from interfering with a person's constitutional rights by force or threat. As to all other allegations, except as expressly admitted, Defendant lacks sufficient information to admit or deny these allegations and on that basis alone denies these allegations.

102.  In answering paragraphs 129 and 130, Defendant denies these allegations.

103.  In answering paragraphs 131 and 132, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in these paragraphs.

104.  In answering paragraph 133, Defendant lacks sufficient information and belief to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained in this paragraph.

105.  In answering paragraph 134, Defendant denies these allegations.

106.  In answering paragraph 135, Defendant admits that Plaintiffs seek damages, punitive damages and attorney's fees in connection with this claim.

**PRAYER FOR RELIEF**

107.  In answering Plaintiffs' prayer for relief, Defendant denies Plaintiffs are entitled to any of the relief requested.

**DEMAND FOR JURY TRIAL**

108.  In answering the un-numbered paragraph contained herein, Defendant admits that Plaintiffs have requested a jury trial.

/ / /

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**AFFIRMATIVE DEFENSES**

As for its separate affirmative defenses, this answering Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Because Plaintiffs' Complaint is couched in conclusory terms, this answering Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to the action, accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs failed to mitigate damages, which damages are denied to exist.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith Immunity)**

Plaintiffs' Complaint was not filed, is not maintained in good faith, and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

This answering Defendant asserts that Decedent and/or Plaintiffs were negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of Plaintiffs' alleged injuries and damages, or was the sole cause thereof; and that if Plaintiffs are entitled to recover damages against Defendant, then Defendant prays that the recovery be diminished or extinguished by

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  reason of the negligence of Plaintiffs in proportion to the degree of fault attributable

2  to Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

### (Negligence Per Se)

This answering Defendant asserts that any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action therein, is barred in whole or in part by Plaintiffs' own conduct, which violated provisions of the Penal Code and, as such, was negligent per se.

### SEVENTH AFFIRMATIVE DEFENSE

### (Immunity from Exemplary Damages)

Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this answering Defendant is not liable for exemplary or punitive damages in any sum, or at all.

### EIGHTH AFFIRMATIVE DEFENSE

### (No *Monell* Liability)

Plaintiffs' Complaint fails to state a cause of action against this answering Defendant pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) in that there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom or policy.

### NINTH AFFIRMATIVE DEFENSE

### (Immune under Federal Civil Rights Act)

This answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where it reasonably believed its actions were lawful.

### TENTH AFFIRMATIVE DEFENSE

### (No Violation of Federal Civil Rights)

Plaintiffs did not sustain an injury sufficient to give rise to a violation of their federal civil rights.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy, Custom, Usage Not Established)

The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acting in Scope of Employment)

This answering Defendant's employees were at all times mentioned in Plaintiffs' operative Complaint and now are duly qualified, appointed, and acting peace officers of the County of San Bernardino, State of California, and that all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as peace officers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Respondeat Superior Liability)

The doctrine of respondeat superior is not available under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each of Plaintiffs' claims is barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Cause)

That the actions of this answering Defendant and its employees in all respects were reasonable, proper, and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Immunity under *Harlow*)

Pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), this answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where

1  Defendant acted in good faith and entertained an honest and reasonable belief that its

2  actions were necessary.

3                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

4                        **(Immunity under *Pierson*)**

5        Pursuant to *Pierson v. Ray*, 386 U.S. 547 (1967), this answering Defendant is

6  immune from liability pursuant to the Federal Civil Rights Act where it acted in good

7  faith and entertained an honest and reasonable belief that its actions were reasonable.

8                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

9                        **(Government Code §820.4)**

10       Neither a public entity nor public employee is liable for his or her act or

11 omission exercised in due care, in the execution or enforcement of any law under

12 California Code §820.4.

13                   **NINETEENTH AFFIRMATIVE DEFENSE**

14                        **(Public Entity)**

15       Neither a public entity nor a public employee is liable for any injury caused by

16 the act or omission of another person.

17                   **TWENTIETH AFFIRMATIVE DEFENSE**

18                    **(California Government Code)**

19       Plaintiffs' suit is barred by the provisions of California Government Code

20 sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

21                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

22       Neither a public entity nor a public employee acting in good faith, without

23 malice, and under the apparent authority of an enactment that is unconstitutional,

24 invalid or inapplicable, is liable for injury caused thereby, except to the extent that he

25 would have been liable had the enactment been constitutional, valid and applicable.

26 / / /

27 / / /

28 / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

This answering Defendant alleges that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves this answering Defendant from liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Immunity Under Eleventh Amendment)

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant and said Defendant is immune from liability pursuant to the Eleventh Amendment of the United State Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Tort Claims Act)

Plaintiffs' state law claims are barred because Plaintiffs failed to comply with the California Tort Claims filing requirements set forth in California Gov. Code § 911, et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liability under *Parratt*)

Plaintiffs' operative complaint does not state facts sufficient to constitute a cause of action against this answering Defendant or any Defendant herein, because simple negligence is not a federal civil rights violation pursuant to the United States Supreme Court decision in *Parratt v. Taylor*, 451 U.S. 527 (1981).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Plaintiffs are barred by the qualified immunity doctrine. This answering Defendant's employees at all times herein mentioned acted reasonably, in good faith,

without malice, and within the scope of their duties as sworn peace officer(s) and public officials.  The Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the County of San Bernardino and its employees.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

Neither a public entity nor a public employee is liable for any injury resulting from his or her act or omission where the act or omission was the result of the exercise of discretion vested in him or her as set forth in § 820.2 of the Government Code.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

This answering Defendant alleges that Plaintiffs' damages, if any, were caused by the negligence and/or acts or omissions of parties other than  this answering Defendant, whether or not parties to this action. By reason thereof, Plaintiffs' damages, if any, as against this answering Defendant, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative fault basis.

## THIRTIETH AFFIRMATIVE DEFENSE

Any injury to Plaintiff was due to and caused by the negligence and omissions of the Plaintiffs to care for themselves, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs.

/ / /

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The damages, if any, should be in direct proportion to the fault of the Defendant, if any, as provided by Civil Code §§ 1431 to 1431.5.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Defendant is not liable pursuant to the doctrine of assumption of risk.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Health and Safety Code)

Neither a public entity nor a public employee is liable for any injury resulting from his or her act or omission where the act or omission was providing emergency services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Notice Provisions)

To the extent that Plaintiffs' Complaint alleges negligence based upon the acts of a healthcare provider, Plaintiff has failed to comply with the notice provisions of Code of Civil Procedure § 364.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

Defendant alleges as follows:

A. That at all times material to the Complaint, San Bernardino was and is a municipal corporation duly organized and existing by virtue of the laws of the state of California;

B. That at all times material to the Complaint, certain of San Bernardino's employees and agents were peace officers and police officers employed by San

Bernardino; and at all times material to the Complaint, were acting in the course and scope of their public office, service, employment, and agency;

C. That at all times material to the Complaint, Defendant acted in accordance with and pursuant to relevant California Penal Code Sections;

D. That at all times material to the Complaint, certain of San Bernardino's employees and agents had reasonable and probable cause to believe that Plaintiff committed one or more violations of the California Penal Code and California Health and Safety Code;

E. That at all times material to the Complaint, Defendant was acting in good faith and without malice pursuant to the provisions of California Civil Code §§ 43.5(a) and California Government Code Sections 815, 815.2(b), 818, 820.2, 821.6, 844, 844.6, and 845.4; and

That as a consequence of the above, Defendant is immune from liability in this action, and the Plaintiffs' causes of action alleged in the Complaint against Defendant are barred by law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Third Party Immunity)

Defendant County of San Bernardino is a public entity and alleges the Complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

By reason of Plaintiffs' own acts and omissions, they are estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

/ / /

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Justification)

Defendant allege that the County and its employees had legal justification for all of their actions and omissions and therefore the Complaint and each and every cause of action therein is barred.

## FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Actual Knowledge)

Plaintiffs have insufficient evidence to prove that Defendant had actual knowledge of a serious risk of harm to Plaintiffs and disregarded such knowledge.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, Defendant alleges that at all times mentioned in the Complaint, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiffs.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Exhaustion of Remedies)

As a separate and affirmative defense to the Complaint and to the alleged violations of U.S.C. §1983, Defendant alleges that Plaintiffs have failed to exhaust administrative and/or contractual remedies.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reckless and Wonton)

At all times mentioned in the Complaint, Plaintiffs acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, and wanton and negligent conduct proximately contributed to the injuries and damages sustained or claimed by Plaintiffs; that as a consequence, Plaintiffs' claims are barred.

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Probable Cause)

At all times material to this action, Defendants had reasonable and probable cause to detain, restrain, and arrest Plaintiff based upon his violations of the California Penal Code and Health and Safety Code.

## PRAYER FOR RELIEF

**WHEREFORE**, this answering Defendant prays:

  1. That Plaintiffs take nothing by their Complaint on file herein;

  2. For its costs of suit incurred herein;

  3. For attorneys' fees, and

  4. For such additional remedies as the Court may find just and proper.


DATED:  September 9, 2025   WESIERSKI & ZUREK LLP



         By: _____ /s/ CHRISTOPHER P. WESIERSKI
         CHRISTOPHER P. WESIERSKI
         Attorneys for Defendants COUNTY OF
         SAN BERNARDINO

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, this answering Defendant hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED:  September 9, 2025            WESIERSKI & ZUREK LLP

By:        /s/CHRISTOPHER P. WESIERSKI
                      CHRISTOPHER P. WESIERSKI
                      Attorneys for Defendants COUNTY OF
                      SAN BERNARDINO

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000