# EXHIBIT A



**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs,* Guadalupe Vargas, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUADALUPE VARGAS; FELIX GUADALUPE VARGAS; and S.V. and E.V., minors, by and through their Guardian ad Litem, Daniela Colmenares; individually and as successors-in-interest to Jefte Vargas Ramirez,

       Plaintiffs,

      v.

COUNTY OF SAN BERNARDINO, and RAUL PONCE DOES 1–10,

       Defendants.

Case No.: 5:25-cv-01893-JGB-E

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Federal Law Claims (42 U.S.C. § 1983)
1. Unlawful Detention and Arrest
2. Excessive Force
3. Denial of Medical Care
4. Interference with Familial Relationship
5. Municipal Liability, Unconstitutional Custom or Policy
6. Municipal Liability, Failure to Train
7. Municipal Liability, Ratification

State Law Claims
8. False Arrest/False Imprisonment
9. Battery (wrongful death and survival)
10. Negligence (wrongful death and survival)
11. Violation of Cal. Civil Code § 52.1

~~DEMAND FOR JURY TRIAL~~

1

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

1  **FIRST AMENDED COMPLAINT FOR DAMAGES**

2  COME NOW, Plaintiffs GUADALUPE VARGAS, FELIX GUADALUPE

3  VARGAS, and minor Plaintiffs S.V. and E.V., by and through their guardian ad

4  litem, Daniela Colmenares, individually and as successors-in-interest to Jefte

5  Vargas Ramirez, and hereby bring this First Amended Complaint for Damages

6  against Defendants COUNTY OF SAN BERNARDINO and , and DOES 1

7  10RAUL PONCE, and allege as follows:

8  **INTRODUCTION**

9  1.    This civil rights and wrongful death action arises out of the fatal

10  shooting of Jefte Vargas Ramirez ("DECEDENT") by a deputy working for

11  the San Bernardino County Sheriff's Department on December 16, 2024, in

12  Redlands, California. DECEDENT, who was unarmed and posed no

13  immediate threat, was shot multiple times by a sheriff's deputy, including in

14  the back, resulting in his death.

15  2.    At the time of the shooting, DECEDENT was not committing any

16  crime that justified the use of deadly force. He was unarmed and not

17  presenting a threat of death or serious bodily injury to the deputy or anyone

18  else. The use of deadly force was excessive and objectively unreasonable

19  under the circumstances.

20  3.    Plaintiffs GUADALUPE VARGAS and FELIX GUADALUPE

21  VARGAS, DECEDENT's parents, and Plaintiffs S.V. and E.V., minor

22  children of DECEDENT, by and through their guardian ad litem Daniela

23  Colmenares, bring this action individually and as successors-in-interest to the

24  decedent. Plaintiffs seek damages for the loss of their son and father,

25  including wrongful death damages, survival damages, punitive damages, and

26  attorney's fees.

27

28

2

4.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California state law.

### JURISDICTION AND VENUE

5.     The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

6.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

8.     On April 3, 2025, Plaintiffs served their comprehensive and timely claim for damages on their own behalf and on behalf of DECEDENT with the COUNTY OF SAN BERNARDINO pursuant to applicable sections of the California Government Code. The claim was rejected by operation of law.

### PARTIES

9.     Jefte Vargas Ramirez ("DECEDENT"), a 37-year-old man, was killed on December 16, 2024, by Raul Ponce, a deputy working for the San Bernardino County Sheriff's Department ("SBSD"). DECEDENT was an individual residing in San Bernardino County, California.

10.     Plaintiffs S.V. and E.V. are the minor children of DECEDENT. Plaintiffs S.V. and E.V. appear in this action through their guardian ad litem, Daniela Colmenares.

3

1    11.    Plaintiff GUADALUPE VARGAS is the mother of DECEDENT.

2    12.    Plaintiff FELIX GUADALUPE VARGAS is the father of

3    DECEDENT.

4    13.    Plaintiffs were financially dependent on DECEDENT, to some

5    extent, for the necessities of life.

6    14.    Plaintiffs bring this action under federal and state law in their

7    individual capacities and as successors-in-interest to DECEDENT pursuant to

8    California Code of Civil Procedure §§ 377.30 and 377.60.

9    15.    Defendant COUNTY OF SAN BERNARDINO ("COUNTY")

10   was and is a political subdivision of the State of California located within this

11   judicial district. COUNTY is responsible for the actions, omissions, policies,

12   procedures, practices, and customs of its various agents and departments,

13   including SBSD the San Bernardino County Sheriff's Department ("SBSD"),

14   and for ensuring that the actions of its employees comply with the laws and

15   Constitutions of the United States and the State of California. COUNTY was

16   the employer of DOES 1–10.

17   16.    Defendant RAUL PONCEDOES 1–8 are-is a deputyies employed

18   by SBSD. RAUL PONCEDOES 1–8 were-was acting under color of state law,

19   within the course and scope of their-his employment with the COUNTY, and

20   with the actual or ostensible authority and ratification of COUNTY. DOE 1 is

21   the deputy who detained and fired shots at DECEDENT.

22   17.    Defendants DOES 9–10 are supervisory, managerial,

23   policymaking, or final policymaking officials employed by COUNTY and/or

24   SBSD. DOES 9–10 were acting under color of law, within the course and

25   scope of their duties, and with the authority and ratification of COUNTY.

26   18.    Plaintiffs are currently unaware of the true names and capacities

27   of Defendants sued herein as DOES 1–10, and therefore sue these

28   Defendants by such fictitious names. Plaintiffs will amend this

Formatted: Indent: Left: 0.5", No bullets or numbering

4

1   ~~Complaint to allege their true names and capacities when ascertained.~~

2   ~~Plaintiffs are informed and believe, and on that basis allege, that each~~

3   ~~DOE Defendant is responsible in some manner for the conduct and~~

4   ~~injuries alleged in this Complaint.~~

5   ~~19.    Plaintiffs are informed and believe, and on that basis allege, that~~

6   ~~each Defendant, including DOES 1–10, acted as an agent, employee, co-~~

7   ~~conspirator, and/or joint actor with each of the other Defendants, and in doing~~

8   ~~the acts alleged herein, acted within the scope of such relationships and with~~

9   ~~the knowledge, consent, and approval of the other Defendants.~~

10  ~~20.~~17.     Pursuant to California Government Code § 815.2,

11  Defendant COUNTY is vicariously liable for the acts and omissions of RAUL

12  PONCE~~DOES 1–10~~ to the extent those acts and omissions occurred within

13  the scope of ~~their~~ his employment. Defendant COUNTY is also liable under

14  California Government Code § 815.6 for its failure to discharge a mandatory

15  duty. Defendant RAUL PONCE~~s DOES 1–10 are~~ is liable under California

16  ~~Civil~~ Government Code § 820(a).

17  ~~21.~~18.     RAUL PONCE is~~All natural person Defendants, including~~

18  ~~DOES 1–10, are~~ sued in ~~their~~ his individual capacit~~y~~ies. Defendant COUNTY

19  is sued for its direct liability under *Monell* and for vicarious liability under

20  California state law. Plaintiffs seek punitive damages against ~~the individual~~

21  ~~defendants~~ RAUL PONCE only.

22  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23  ~~22.~~19.     On December 16, 2024, ~~DOE 1~~RAUL PONCE, an SBSD

24  deputy, responded to a call regarding a man walking near or on the Metrolink

25  rail lines in San Bernardino, California, near the intersection of Nevada Street

26  and California Street.

27

28

5

1   23.20._____The man was later identified as Jefte Vargas Ramirez
2   ("DECEDENT"), a 37-year-old father of two. He was unarmed and not
3   suspected of committing any serious or violent crime.
4   24.21._____Upon encountering DECEDENT, ~~DOE 1~~RAUL PONCE
5   made verbal contact. DECEDENT was not threatening ~~DOE 1~~RAUL PONCE
6   or anyone else and ~~was not brandishing~~did not brandish any weapon.
7   25.22._____Despite the absence of any immediate threat of death or
8   serious bodily harm, and despite the availability of less-lethal options and
9   time to assess the situation, ~~DOE 1~~RAUL PONCE fired multiple rounds at
10  DECEDENT.
11  26.23._____~~DOE 1~~RAUL PONCE continued to fire his weapon even
12  after DECEDENT had been struck multiple times, had turned away, and was
13  falling to the ground.
14  27.24._____The use of deadly force under these circumstances was
15  excessive and objectively unreasonable and contrary to police standards and
16  training. At the time he was shot, DECEDENT was unarmed and posed no
17  immediate threat to ~~DOE 1~~RAUL PONCE or anyone else.
18  28.25._____Upon information and belief, ~~DOE 1~~RAUL PONCE failed
19  to provide a clear warning that deadly force would be used, and DECEDENT
20  was not given an adequate opportunity to comply with any commands before
21  he was shot.
22  29.26._____Upon information and belief, following the shooting, ~~DOE 1~~RAUL PONCE failed to render timely medical aid to DECEDENT, despite
23  being the first and only deputy on scene at the time of the shooting.
25  30.27._____As a direct and proximate result of the shooting and the
26  failure of ~~DOE 1~~RAUL PONCE to provide timely medical aid, DECEDENT
27  endured prolonged and unnecessary pain and suffering prior to his death and
28  ultimately died from his gunshot wounds.

6

1  31.28.    The shooting of DECEDENT reflects a broader pattern of

2  inadequate training, supervision, and accountability within the SBSD

3  regarding the use of deadly force, particularly in situations that do not justify

4  such force.

5  32.29.    Plaintiffs are informed and believe, and on that basis allege,

6  that DOE 1RAUL PONCE was acting in accordance with a custom or policy

7  of excessive force and deliberate indifference to the rights of civilians.

8  33.30.    As a result of Defendants' actions, Plaintiffs have suffered

9  profound and ongoing damages, including but are not limited to the loss of

10  the love, companionship, comfort, care, assistance, protection, affection, and

11  moral support of DECEDENT. His minor children, S.V. and E.V., have been

12  permanently deprived of the guidance, nurturing, and parental presence that

13  he would have provided throughout their lives. Plaintiffs have also suffered

14  the loss of financial support and household services that DECEDENT would

15  have contributed, as well as the cost of funeral and burial expenses.

16                    **FIRST CLAIM FOR RELIEF**

17         **Fourth Amendment—Unlawful Detention or Arrest (§ 1983)**

18            (Plaintiffs S.V. and E.V. against DOE 1RAUL PONCE)

19  34.31.    Plaintiffs incorporate by reference the allegations set forth

20  above.

21  35.32.    Plaintiffs S.V. and E.V. bring this claim for relief in their

22  capacity as successors-in-interest to DECEDENT pursuant to California Code

23  of Civil Procedure § 377.30.

24  36.33.    On December 16, 2024, Defendant DOE 1RAUL PONCE, a

25  deputy with the San Bernardino County Sheriff's Department, detained and

26  ultimately used deadly force against DECEDENT without reasonable

27  suspicion or probable cause to justify such actions.

28

37.34.    At the time of the initial detention and use of force, DECEDENT was unarmed, not suspected of any serious or violent crime, and was not acting in a manner that posed an immediate threat of death or serious bodily injury to the deputy or any other person.

38.35.    DOE 1RAUL PONCE failed to use de-escalation tactics, failed to maintain a safe tactical distance, and immediately escalated to deadly force without exhausting reasonable alternatives or giving DECEDENT an adequate opportunity to comply with commands.

39.36.    DOE 1RAUL PONCE's decision to shoot DECEDENT—especially continuing to fire even after he was turning away and falling—was unreasonable under the circumstances and constituted an unlawful seizure within the meaning of the Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment.

40.37.    The conduct of DOE 1RAUL PONCE was willful, wanton, malicious, and done with conscious disregard for the rights and safety of DECEDENT and therefore warrants the imposition of punitive damages against DOE 1RAUL PONCE in his individual capacity.

41.38.    DOE 1RAUL PONCE was acting under color of state law and within the course and scope of his employment with the San Bernardino County Sheriff's Department.

42.39.    As a result of the unlawful detention and use of force by DOE 1RAUL PONCE, DECEDENT suffered serious physical injuries, conscious pain and suffering, and ultimately died.

43.40.    Plaintiffs S.V. and E.V. seek survival damages for the pre-death pain and suffering and loss of life suffered by DECEDENT, as well as attorneys' fees and costs under § 1988.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (§ 1983)

(Plaintiffs S.V. and E.V. against DOE 1RAUL PONCE)

44.41.    Plaintiffs S.V. and E.V. incorporate by reference the allegations set forth above.

45.42.    Plaintiffs S.V. and E.V. bring this claim for relief in their capacity as the successors-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

46.43.    The Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment, guarantees all persons the right to be free from excessive force by law enforcement officers.

47.44.    On December 16, 2024, DOE 1RAUL PONCE, a deputy with the San Bernardino County Sheriff's Department, used excessive and unreasonable force against DECEDENT, despite the fact that he was unarmed, not suspected of any serious or violent crime, and posed no immediate threat to the deputy or anyone else.

48.45.    DOE 1RAUL PONCE fired multiple rounds at DECEDENT, including after DECEDENT had already been struck, had turned away, and was falling to the ground.

49.46.    Upon information and belief, DOE 1RAUL PONCE failed to provide a clear or adequate warning that deadly force would be used, and failed to give DECEDENT a reasonable opportunity to comply with any commands before opening fire.

50.47.    The use of deadly force under these circumstances was objectively excessive and unreasonable and contrary to police standards and training, particularly in light of the availability of less-lethal options, the

9

1  absence of any immediate threat, and the deputy's ability to maintain

2  distance, cover, and time.

3      ~~51.~~48.        As a direct and proximate result of the actions of ~~DOE~~

4  ~~1~~RAUL PONCE, DECEDENT experienced conscious pain and suffering

5  before his death, and Plaintiffs S.V. and E.V. seek survival damages,

6  including but not limited to pre-death pain and suffering, loss of life, and loss

7  of enjoyment of life.

8      ~~52.~~49.        Plaintiffs S.V. and E.V. further seek attorneys' fees and

9  costs pursuant to § 1988.

10      ~~53.~~50.        The conduct of ~~DOE 1~~RAUL PONCE was malicious,

11  wanton, oppressive, and carried out with a conscious disregard for the

12  constitutional rights and physical safety of DECEDENT. As a result,

13  Plaintiffs S.V. and E.V. are entitled to an award of punitive damages against

14  ~~DOE 1~~RAUL PONCE in his individual capacity.

15

16

17

18                    **THIRD CLAIM FOR RELIEF**

19            **Fourth Amendment—Denial of Medical Care (§ 1983)**

20          (Plaintiffs S.V. and E.V. against ~~DOE 1~~RAUL PONCE)

21      ~~54.~~51.        Plaintiffs S.V. and E.V. incorporate by reference the

22  allegations set forth above.

23      ~~55.~~52.        Plaintiffs S.V. and E.V. bring this claim for relief in their

24  capacity as the successors-in-interest to DECEDENT, pursuant to California

25  Code of Civil Procedure § 377.30.

26      ~~56.~~53.        ~~DOE 1~~RAUL PONCE was acting within the course and

27  scope of ~~their~~ his employment as a deputy with the SBSD and was acting

28  under color of state law.

                                    10

1    ~~57.~~54.      Upon information and belief, following the the shooting of

2    DECEDENT, ~~DOE 1~~RAUL PONCE failed to render medical aid and failed to

3    timely summon emergency medical care, despite knowing that DECEDENT

4    had sustained multiple gunshot wounds and was in critical need of life-saving

5    treatment. His failure to act was objectively unreasonable under the

6    circumstances.

7    ~~58.~~55.      The denial and delay of medical care by ~~DOE 1~~RAUL

8    PONCE deprived DECEDENT of his right to be secure in his person against

9    unreasonable searches and seizures under the Fourth Amendment to the

10   United States Constitution, as incorporated to the states through the

11   Fourteenth Amendment, in violation of § 1983.

12   ~~59.~~56.      As a direct and proximate result of the acts and omissions

13   of ~~DOE 1~~RAUL PONCE, DECEDENT experienced conscious pain and

14   suffering, physical and emotional distress, and ultimately died from the

15   injuries he sustained.

16   ~~60.~~57.      Plaintiffs S.V. and E.V. seek survival damages under this

17   claim, including but not limited to pre-death pain and suffering, loss of life,

18   and loss of enjoyment of life. Plaintiffs S.V. and E.V. further seek attorneys'

19   fees and costs pursuant to § 1988.

20

21                        **FOURTH CLAIM FOR RELIEF**

22        **Fourteenth Amendment—Denial of Familial Relationship (§ 1983)**

23                  (Plaintiffs against ~~DOE 1~~RAUL PONCE)

24   ~~61.~~58.      Plaintiffs incorporate by reference the allegations set forth

25   above.

26   ~~62.~~59.      Plaintiffs S.V. and E.V., the minor children of

27   DECEDENT, have a cognizable interest under the Due Process Clause of the

28

Fourteenth Amendment to be free from unwarranted state interference in their
familial relationship with their father.

63.60.    Plaintiffs GUADALUPE VARGAS and FELIX
GUADALUPE VARGAS, the parents of DECEDENT, have a cognizable
interest under the Due Process Clause of the Fourteenth Amendment in
maintaining their familial relationship with their son.

64.61.    DOE 1RAUL PONCE was acting under color of state law
and within the course and scope of his employment as a deputy for the SBSD.

65.62.    The acts of DOE 1RAUL PONCE, including the use of
deadly force against DECEDENT when he was unarmed, not posing a threat,
had already been shot, and was turning away and falling to the ground, shock
the conscience and constitute a violation of Plaintiffs' substantive due
process rights.

66.63.    The conduct of DOE 1RAUL PONCE was undertaken with
a purpose to harm unrelated to any legitimate law enforcement objective and
reflected a deliberate and reckless disregard for DECEDENT's rights and the
familial rights of DECEDENT's children and parents.

67.64.    As a direct and proximate result of DOE 1RAUL PONCE's
actions, DECEDENT died.

68.65.    Plaintiffs bring this claim in their individual capacities for
the violation of their own constitutional rights.

69.66.    Plaintiffs seek wrongful death damages, as well as
attorneys' fees and costs pursuant to § 1988.

70.67.    The conduct of DOE 1RAUL PONCE was malicious,
wanton, oppressive, and carried out with a conscious disregard for the
constitutional rights of DECEDENT and Plaintiffs. As a result, Plaintiffs are
entitled to an award of punitive damages against DOE 1RAUL PONCE in his

1 individual capacity. No claim for punitive damages is asserted against the

2 COUNTY.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability: Unconstitutional Custom or Policy (§ 1983)**

(Plaintiffs against the COUNTY and DOES 9-10)

6    71.68.    Plaintiffs incorporate by reference the allegations set forth

7 above.

8    72.69.    When DOE 1RAUL PONCE fatally shot DECEDENT and

9 then denied DECEDENT prompt and necessary medical care, DOE 1RAUL

10 PONCE acted pursuant to an expressly adopted official policy or a

11 longstanding practice or custom of the Defendant COUNTY.

12    70.    On information and belief, RAUL PONCE was not disciplined,

13 reprimanded, retrained, suspended, or otherwise penalized in connection with

14 DECEDENT's death.

15    71.    One or more final policymakers within the COUNTY, including

16 Sheriff Shannon Dicus, acting under color of law and possessing final

17 policymaking authority with respect to the policies, customs, and practices of

18 the San Bernardino County Sheriff's Department, maintained and permitted

19 the following unconstitutional customs, practices, and policies:

20    73.    On information and belief, DOE 1was not disciplined, reprimanded,

21 retrained, suspended, or otherwise penalized in connection with

22 DECEDENT's death.

23    74.    DOE 1, together with other COUNTY policymakers and supervisors,

24 maintained, inter alia, the following unconstitutional customs, practices, and

25 policies:

26    a. Using excessive force, including excessive use of deadly force;

27    b. Providing inadequate training regarding the use of deadly force;

28

13

**Formatted:** No bullets or numbering

c. Employing and retaining as deputy sheriffs individuals such as ~~DOE 1~~RAUL PONCE whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for using excessive force;

d. Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including ~~DOE 1~~RAUL PONCE, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of lethal firearms;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

f. Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do

14

1  not report other officers' errors, misconduct, or crimes. Pursuant

2  to this code of silence, if questioned about an incident of

3  misconduct involving another officer, while following the code,

4  the officer being questioned will claim ignorance of the other

5  officers' wrongdoing; and

6  j.  Maintaining a policy of inaction and an attitude of indifference

7  towards soaring numbers of police shootings and other uses of

8  force, including by failing to discipline, retrain, investigate,

9  terminate, and recommend officers for criminal prosecution who

10  participate in shootings of unarmed people.

11  75.72.    By reason of the aforementioned acts and omissions,

12  Plaintiffs have suffered loss of the love, companionship, affection, comfort,

13  care, society, training, guidance, and past and future support of DECEDENT.

14  The aforementioned acts and omissions also caused DECEDENT's pain and

15  suffering, loss of enjoyment of life, and death.

16  76.73.    Defendants COUNTY, acting through final policymakers,

17  including Sheriff Shannon Dicus, together with various other officials,

18  whether named or unnamed, had either actual or constructive knowledge of

19  the deficient policies, practices and customs alleged in the paragraphs above.

20  Despite having knowledge as stated above, these defendantsCOUNTY

21  condoned, tolerated and through actions and inactions thereby ratified such

22  policies.  Said defendantsThe COUNTY also acted with deliberate

23  indifference to the foreseeable effects and consequences of these policies

24  with respect to the constitutional rights of DECEDENT, Plaintiffs, and other

25  individuals similarly situated.

26  77.74.    By perpetrating, sanctioning, tolerating and ratifying the

27  outrageous conduct and other wrongful acts, DOES 9-10the COUNTY acted

28  with intentional, reckless, and callous disregard for the life of DECEDENT

1  and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the

2  policies, practices, and customs implemented, maintained, and still tolerated

3  by Defendant s COUNTY and DOES 9-10 were affirmatively linked to and

4  were a significantly influential force behind the injuries of DECEDENT and

5  Plaintiffs.

6      78.75.      The following are only a few examples of continued

7  conduct by sheriff's deputies working for the COUNTY, which indicate the

8  COUNTY's failure to properly train its sheriff's deputies:

9          a. In *Estate of Merlin Factor v. County of San Bernardino, et al.*,

10             case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that

11             the use of deadly force against the unarmed Merlin Factor in 2013

12             was unreasonable. The police reports showed that Mr. Factor was

13             unarmed, and the parties settled the case for a high six-figure

14             settlement.

15          b. In *Archibald v. County of San Bernardino*, case number 5-16-cv-

16             1128, Plaintiff argued that the involved San Bernardino County

17             sheriff's deputy used deadly force against the unarmed Nathanael

18             Pickett in 2015 when he posed no immediate threat. In 2018, the

19             jury in that case returned a $33.5 million verdict against

20             Defendant County of San Bernardino COUNTY and its involved

21             officer.

22          c. In *T.M. (Phillips) v. County of San Bernardino, et al.*, case

23             number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting

24             of Lajuana Phillips was excessive and unreasonable.  In 2018, the

25             parties settled the case for a seven-figure settlement.

26          d. In *Young v. County of San Bernardino, et al.*, case number 5:15-

27             CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of

28

16

1    Keivon Young was excessive and unreasonable.  In 2016 a jury
2    agreed and awarded a high six-figure verdict in Plaintiff's favor.
3    e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-
4    01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of
5    Juan Ramos was excessive and unreasonable.  In 2022, a jury
6    agreed and awarded a six-figure verdict in Plaintiffs' favor.
7    f. Numerous prior incidents at COUNTYCounty San Bernardino
8    detention centers also support Plaintiffs' claims for Municipal
9    Liability in this case. For example, between 2014 and 2016,
10    thirty-three County inmates filed lawsuits alleging torture by the
11    County and its deputies involving violations of § 1983. (Case
12    Nos. 5:15-cv-02515-JGB-DTB) Johnny Alcala and 14 other
13    inmates sued the County, and David Smith filed his own lawsuit
14    (5:15-cv-02513-JGB-DTB), going back to years of torture by
15    COUNTY correctional officers. Moreover, the ACLU also
16    brought a class action lawsuit alleging unconstitutional treatment
17    of LGBT inmates at the WVDC. (Case No. 14-2171-JGB-SP).
18    The ACLU's lawsuit addressed WVDC's unconstitutional denial
19    of services, including failure to make safety checks as mandated
20    by Title 15, and the suit represented approximately 600
21    individuals.
22    79.76.    Accordingly, Defendants COUNTY is liable to Plaintiffs
23 for compensatory damages under § 1983.
24    80.77.    Plaintiffs bring this claim individually and as successors in
25 interest to DECEDENT and seek wrongful death damages under this claim.
26 Plaintiffs also seek attorney's fees and costs under this claim.
27    **SIXTH CLAIM FOR RELIEF**
28    **Municipal Liability: Failure to Train (§ 1983)**

17

1    (Plaintiffs against COUNTY and DOES 9-10)

2    81.78.    Plaintiffs incorporate by reference the allegations set forth

3    above.

4    82.79.    The acts of DOE 1RAUL PONCE, including fatally

5    shooting DECEDENT while though he was unarmed and did not pose an

6    immediate threat of death or severe bodily injury, and continuing to shoot

7    when DECEDENThe was turning away and falling to the ground, running

8    away, failing to give a warning that deadly force would be used prior to

9    shooting, and then denying prompt and necessary medical care, deprived

10   DECEDENT and Plaintiffs of their rights under the United States

11   Constitution.

12   83.80.    The training policies of Defendant COUNTY were not

13   adequate to train its deputies to handle the usual and recurring situations with

14   which they must deal.

15   84.81.    Defendant COUNTY was deliberately indifferent to the

16   obvious consequences of its failure to train its deputies adequately.

17   85.82.    The failure of Defendant COUNTY to provide adequate

18   training caused the deprivation of the DECEDENT's and Plaintiffs' rights by

19   DOE 1RAUL PONCE; that is, the defendants' failure to train is so closely

20   related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be

21   the moving force that caused the ultimate injury.

22   86.83.    One or more final policymakers, including Sheriff Shannon

23   Dicus, acting under color of law and possessing final policymaking authority

24   with respect to the training, supervision, and discipline of Defendant

25   COUNTY's deputies, were deliberately indifferent to the need for adequate

26   training on the use of deadly force despite knowledge of a pattern of similar

27   constitutional violations by deputies under their command.Upon information

28

18

1  ~~and belief, DOES 9-10, acting under color of law and possessing final~~

2  ~~policymaking authority with respect to the actions of Defendant COUNTY.~~

3  ~~87.~~84.         The following are only a few examples of continued

4  conduct by sheriff's deputies working for the ~~County of San~~

5  ~~Bernardino~~COUNTY, which indicate ~~the County of San Bernardino'~~ s~~it~~s

6  failure to properly train its sheriff's deputies:

      a.  In *Estate of Merlin Factor v. County of San Bernardino, et al.*,

          case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that

          the use of deadly force against the unarmed Merlin Factor was

          unreasonable. The police reports showed that Mr. Factor was

          unarmed, and the parties settled the case for a high six-figure

          settlement.

      b.  In *Archibald v. County of San Bernardino*, case number 5-16-cv-

          1128, Plaintiff argued that ~~the involved~~ an ~~San Bernardino~~

          ~~County sheriff's~~SBSD deputy used deadly force against the

          unarmed Nathanael Pickett when he posed no immediate threat.

          The jury in that case returned a $33.5 million verdict against the

          COUNTY~~Defendant County of San Bernardino~~ and ~~its~~ the

          involved ~~officer~~deputy.

      c.  In *T.M. (Phillips) v. County of San Bernardino, et al.*, case

          number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting

          of Lajuana Phillips was excessive and unreasonable.  In 2018, the

          parties settled the case for a seven-figure settlement.

      d.  In *Young v. County of San Bernardino, et al.*, case number 5:15-

          CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of

          Keivon Young was excessive and unreasonable.  In 2016 a jury

          agreed and awarded a high six-figure verdict in Plaintiff's favor.

  e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-
01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of
Juan Ramos was excessive and unreasonable.  In 2022, a jury
agreed and awarded a six-figure verdict in Plaintiffs' favor.

  f. Numerous prior incidents at COUNTY ~~County San Bernardino~~
detention centers also support Plaintiffs' claims for Municipal
Liability in this case. For example, between 2014 and 2016,
thirty-three County inmates filed lawsuits alleging torture by the
County and its deputies involving violations of § 1983. (Case
Nos. 5:15-cv-02515-JGB-DTB). Johnny Alcala and 14 other
inmates sued the County, and David Smith filed his own lawsuit
(5:15-cv-02513-JGB-DTB), going back to years of torture by
County correctional officers. Moreover, the ACLU also brought a
class action lawsuit alleging unconstitutional practice of LGBT
inmates at the County's WVDC. (Case No. 14-2171-JGB-SP).
The ACLU's lawsuit addressed WVDC's unconstitutional denial
of services, including failure to make safety checks as mandated
by Title 15, and the suit represented approximately 600
individuals.

~~88.~~85. By reason of the aforementioned acts and omissions,
Plaintiffs have suffered loss of the love, companionship, affection, comfort,
care, society, training, guidance, and past and future support of DECEDENT.
The aforementioned acts and omissions also caused DECEDENT's pain and
suffering, loss of enjoyment of life, and death.

~~89.~~86. Accordingly, Defendant~~s~~ COUNTY is liable to Plaintiffs
for compensatory damages under § 1983.

1    ~~90.~~87.    Plaintiffs bring this claim as successors in interest to

2    DECEDENT and seek wrongful death damages under this claim.  Plaintiffs

3    also seek attorney's fees and costs under this claim.

4                    **SEVENTH CLAIM FOR RELIEF**

5              **Municipal Liability: Ratification (§ 1983)**

6                  (Plaintiffs against COUNTY ~~and DOES 9-10~~)

7    ~~91.~~88.    Plaintiffs incorporate by reference the allegations set forth

8    above.

9    ~~92.~~89.    Defendant ~~DOE 1~~RAUL PONCE was acting under color of

10   state law and within the course and scope of ~~their~~ his employment with

11   SBSD.

12   ~~93.~~90.    The acts and omissions of Defendant ~~DOE 1~~RAUL PONCE

13   deprived DECEDENT and Plaintiffs of their rights under the United States

14   Constitution, including by intentionally and unjustifiably shooting

15   DECEDENT, resulting in his death, and depriving Plaintiffs of their familial

16   relationship with him.

17   91.    One or more final policymakers within the COUNTY, including

18   Sheriff Shannon Dicus, ratified or will ratify the acts and omissions of

19   Defendant RAUL PONCE by reviewing the shooting of DECEDENT, with

20   knowledge that DECEDENT was unarmed and did not pose an immediate

21   threat of death or serious bodily injury at the time he was shot, and expressly

22   approving Defendant RAUL PONCE's use of deadly force and failing to

23   impose any discipline.

24   ~~94.    Upon information and belief, one or more final policymakers~~

25   ~~within SBSD, DOES 9-10, acting under color of law, have a history of~~

26   ~~ratifying unconstitutional uses of force, including excessive and deadly force.~~

27   ~~95.    Upon information and belief, DOES 9-10, acting under color of~~

28   ~~law and possessing final policymaking authority with respect to the actions of~~

                            21

1  Defendant DOE 1, ratified the acts and omissions of Defendant DOE 1. This

2  ratification includes express approval of the unjustified and excessive use of

3  deadly force against DECEDENT when he did not pose an immediate threat

4  of death or serious bodily injury.

5      96.92.    SBSD's official policy prohibits the use of deadly force

6  unless an individual poses an immediate threat of death or serious bodily

7  injury to deputies or others. The conduct of Defendant DOE 1RAUL PONCE

8  was contrary to that policy, as DECEDENT posed no such threat at the time

9  he was shot.

10      97.93.    OUpon information and belief, one or more final

11  policymakers, including Shannon Dicus, , DOES 9-10, have determined, or

12  will determine, that the actions of Defendant DOE 1RAUL PONCE were

13  "within policy," thereby ratifying those actions.

14      98.94.    By reason of the aforementioned acts and omissions,

15  Defendant COUNTY is liable to Plaintiffs for compensatory damages under

16  § 1983.

17      99.95.    Plaintiffs bring this claim individually and seek wrongful

18  death damages. Plaintiffs also seek reasonable attorneys' fees and costs

19  pursuant to § 1988.

20                    **EIGHTH CLAIM FOR RELIEF**

21          **False Arrest / False Imprisonment (Wrongful Death and Survival)**

22              (Plaintiffs against DOE 1RAUL PONCE and COUNTY)

23      100.96.    Plaintiffs incorporate by reference the allegations set forth

24  above.

25      101.97.    Plaintiffs bring this claim in their capacity as successors-in-

26  interest to DECEDENT pursuant to California Code of Civil Procedure

27  § 377.30.

28

1    102.98.    On December 16, 2024, Defendant DOE 1RAUL PONCE, a

2    deputy employed by the San Bernardino County Sheriff's DepartmentSBSD,

3    unlawfully detained and ultimately used deadly force against DECEDENT

4    without reasonable suspicion or probable cause.

5    103.99.    At the time of the detention and use of force, DECEDENT

6    was unarmed, not suspected of any serious or violent crime, and was not

7    engaged in any criminal activity that justified his detention or arrest.

8    104.100.    DOE 1RAUL PONCE detained DECEDENT through the

9    use of force and coercion, escalating immediately to deadly force without

10    providing clear commands, warnings, or lawful justification. DECEDENT

11    was not free to leave, and his freedom of movement was intentionally

12    restricted by DOE 1RAUL PONCE's conduct.

13    105.101.    The detention and ultimate fatal use of force constituted a

14    false arrest and false imprisonment under California law.

15    106.102.    The conduct of DOE 1RAUL PONCE was a substantial

16    factor in causing harm to DECEDENT, including physical pain, emotional

17    distress, and death.

18    107.103.    DOE 1RAUL PONCE was acting within the course and

19    scope of his employment with the San Bernardino County Sheriff's

20    Departmentthe SBSD.

21    108.104.    Defendant COUNTY is vicariously liable for the wrongful

22    acts of DOE 1RAUL PONCE pursuant to California Government Code

23    § 815.2(a), which provides that a public entity is liable for injuries caused by

24    its employees acting within the scope of their his employment if the employee

25    would be personally liable.

26    109.105.    The conduct of DOE 1RAUL PONCE was malicious,

27    wanton, and oppressive, and carried out with conscious disregard for the

28

rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive

damages against ~~DOE 1~~RAUL PONCE in his individual capacity.

~~110.~~106.    As a result of the foregoing, DECEDENT suffered serious

injuries, conscious pain and suffering, emotional distress, and ultimately,

death. Plaintiffs seek wrongful death and survival damages, including but not

limited to pre-death pain and suffering, emotional anguish, loss of life, loss of

enjoyment of life, and any related medical and funeral expenses.

**NINTH CLAIM FOR RELIEF**

**Battery (Wrongful Death and Survival)**

(Plaintiffs against ~~DOE 1~~RAUL PONCE and COUNTY)

~~111.~~107.    Plaintiffs incorporate by reference the allegations set forth

above.

~~112.~~108.    ~~DOE 1~~RAUL PONCE was acting within the course and

scope of his employment as a deputy for SBSD~~,~~ and was acting under color

of state law.

~~113.~~109.    ~~DOE 1~~RAUL PONCE intentionally shot DECEDENT,

causing his fatal injuries. ~~DOE 1~~RAUL PONCE had no legal justification for

using deadly force against DECEDENT, rendering the use of such force

unreasonable and unlawful under the circumstances.

~~114.~~110.    At the time of the shooting, DECEDENT was unarmed,

posed no immediate threat of death or serious bodily injury, and was turning

away and falling to the ground when some of the shots were fired.  Less-

lethal alternatives were ~~available~~available, and, upon information and belief,

no verbal warning of deadly force was given.

~~115.~~111.    Pursuant to California Government Code § 815.2,

Defendant COUNTY is vicariously liable for the wrongful acts of its

employee, ~~DOE 1~~RAUL PONCE.

24

1    116.112.   The conduct of DOE 1RAUL PONCE was malicious,
2    wanton, and oppressive, and carried out with a conscious disregard for the
3    rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive
4    damages against DOE 1RAUL PONCE.
5        117.113.   Plaintiffs seek wrongful death, survival, and punitive
6    damages under this claim. Survival damages include pre-death pain and
7    suffering.

8                      **TENTH CLAIM FOR RELIEF**
9                 **Negligence (Wrongful Death and Survival)**
10                    (Plaintiffs against all Defendants)

11       118.114.   Plaintiffs incorporate by reference the allegations set forth
12   above.
13       119.115.   DOE 1RAUL PONCE was acting within the course and
14   scope of his employment as a deputy for the SBSDSan Bernardino County
15   Sheriff's Department.
16       120.116.   Law enforcement officers, including DOE 1RAUL PONCE,
17   owe a duty to exercise reasonable care in the performance of their duties,
18   including but not limited to: using appropriate de-escalation tactics; giving
19   clear, non-conflicting commands; using deadly force only when necessary;
20   and providing or summoning timely medical care after causing serious injury.
21       121.117.   DOE 1RAUL PONCE breached that duty by shooting
22   DECEDENT without legal justification. The actions of DOE 1RAUL PONCE
23   were negligent, including but not limited to:
24              a.    the unlawful and unreasonable use of deadly force;
25              b.    the failure to de-escalate the situation prior to using force;
26              c.    the failure to give clear, adequate, or lawful verbal
27                    commands;
28

d.   the immediate and unjustified escalation to a deadly force option without attempting less-lethal alternatives;

e.   the failure to maintain a safe tactical distance or use cover to allow time for assessment and communication;

f.   the failure to reassess the threat posed by DECEDENT after he had been shot and was turning away;

g.   the continued use of deadly force even after DECEDENT had been shot and was moving away from the deputy;

h.   the failure to recognize and respond appropriately to DECEDENT's nonviolent and non-threatening behavior;

122.118.   DECEDENT posed no immediate threat of death or serious bodily injury, was unarmed, and was not warned that deadly force would be used.

123.119.   Defendant COUNTY is vicariously liable for the negligence of DOE 1RAUL PONCE pursuant to California Government Code § 815.2(a).

124.   The conduct of DOE 1RAUL PONCE was malicious, wanton, and oppressive, and carried out with a conscious disregard for the rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive damages against DOE 1RAUL PONCE.

**Commented [RV1]:** You can't get punitive damages on negligence

125.120.   Plaintiffs seek survival and wrongful death damages under this claim; survival damages include pre-death pain and suffering damages.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(Plaintiffs against DOE 1RAUL PONCE and COUNTY)

126.121.   Plaintiffs incorporate by reference the allegations set forth above.

127.122.   DOE 1RAUL PONCE was acting within the course and scope of his employment with SBSD, andSBSD and was acting under color of state law.

128.123.   The Bane Act, California Civil Code § 52.1, prohibits any person, whether or not acting under color of law, from interfering by threat, intimidation, or coercion with the exercise or enjoyment of an individual's constitutional rights.

129.124.   When DOE 1RAUL PONCE unnecessarily shot DECEDENT, he interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. DOE 1RAUL PONCE intentionally used deadly force, demonstrating a reckless disregard for DECEDENT's right to be free from excessive force.

130.125.   DOE 1RAUL PONCE acted with the purpose and effect of interfering with those rights through coercive and deadly means.

131.126.   Plaintiffs are informed and believe that DECEDENT reasonably perceived the conduct of DOE 1RAUL PONCE as violent and threatening, and that such conduct discouraged and ultimately eliminated his ability to exercise his constitutional rights.

132.127.   As a result of the conduct of DOE 1RAUL PONCE, DECEDENT experienced conscious pain and suffering, loss of life, and Plaintiffs were deprived of his love, companionship, and support.

133.128.   Pursuant to California Government Code § 815.2(a), Defendant COUNTY is vicariously liable for the wrongful conduct of DOE 1RAUL PONCE.

134.129.   The conduct of DOE 1RAUL PONCE was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights

Formatted: Left

1    of DECEDENT and Plaintiffs. Plaintiffs are therefore entitled to punitive

2    damages against ~~DOE 1~~RAUL PONCE in his individual capacity.

3         ~~135.~~130.    Plaintiffs seek survival damages, punitive damages,

4    attorneys' fees, and costs under California Civil Code § 52.1, including a

5    multiplier as permitted by Civil Code § 52 et seq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

1          WHEREFORE, Plaintiffs S.V. and E.V., by and through their guardian ad

2 litem Daniela Colmenares, and GUADALUPE VARGAS and FELIX

3 GUADALUPE VARGAS, request entry of judgment in their favor against

4 Defendants COUNTY OF SAN BERNARDINO and RAUL PONCE~~DOES 1–10~~,

5 as follows:

6         1.     For compensatory damages in excess of thirty million dollars,

7 including: survival damages—such as pre-death pain and suffering and loss of

8 life— and wrongful death— such as loss of love, affection, association,

9 companionship, society, care, comfort, protection, and guidance;

10         2.     For funeral and burial expenses, and loss of financial support;

11         3.     For punitive damages against ~~DOE 1~~RAUL PONCE in an amount to

12 be proven at trial;

13         4.     For statutory damages;

14         5.     For reasonable attorneys' fees and litigation expenses, including

15 pursuant to § 1988 and applicable California law;

16         6.     For costs of suit and interest incurred; and

17         7.     For such other and further relief as the Court may deem just, proper,

18 and appropriate.

DATED: December 30, 2025       **LAW OFFICES OF DALE K. GALIPO**

                               /s/    *Dale K. Galipo*

                               Dale K. Galipo

                               Renee V. Masongsong

                               Cooper Alison-Mayne

                               *Attorney for Plaintiffs*

~~PLAINTIFFS'~~ FIRST AMENDED COMPLAINT FOR DAMAGES

1    **<u>DEMAND FOR JURY TRIAL</u>**

2    Plaintiffs hereby submit this demand that this action be tried in front of a jury.

3

4    DATED: December 30, 2025         LAW OFFICES OF DALE K.

5    GALIPO

6

7                             /s/    *Dale K. Galipo*

8                             Dale K. Galipo

9                             Renee V. Masongsong
                             Cooper Alison-Mayne

10                            *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

> **Commented [RV2]:** I would leave this in. I get that we already requested a jury trial, but the amended complaint is now the operative pleading. We don't gain anything by deleting this.

> **Formatted:** Heading 1, Widow/Orphan control, Tab stops: Not at 3.06"