# EXHIBIT B

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs,* Guadalupe Vargas, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE VARGAS; FELIX GUADALUPE VARGAS; and S.V. and E.V., minors, by and through their Guardian ad Litem, Daniela Colmenares; individually and as successors-in-interest to Jefte Vargas Ramirez,

                    Plaintiffs,

          v.

COUNTY OF SAN BERNARDINO and RAUL PONCE,

                    Defendants.

Case No.: 5:25-cv-01893-JGB-E

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Federal Law Claims (42 U.S.C. § 1983)
1.   Unlawful Detention and Arrest
2.   Excessive Force
3.   Denial of Medical Care
4.   Interference with Familial Relationship
5.   Municipal Liability, Unconstitutional Custom or Policy
6.   Municipal Liability, Failure to Train
7.   Municipal Liability, Ratification

State Law Claims
8.   False Arrest/False Imprisonment
9.   Battery (wrongful death and survival)
10.  Negligence (wrongful death and survival)
11.  Violation of Cal. Civil Code § 52.1

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs GUADALUPE VARGAS, FELIX GUADALUPE VARGAS, and minor Plaintiffs S.V. and E.V., by and through their guardian ad litem, Daniela Colmenares, individually and as successors-in-interest to Jefte Vargas Ramirez, and hereby bring this First Amended Complaint against Defendants COUNTY OF SAN BERNARDINO and RAUL PONCE, and allege as follows:

## INTRODUCTION

1.    This civil rights and wrongful death action arises out of the fatal shooting of Jefte Vargas Ramirez ("DECEDENT") by a deputy working for the San Bernardino County Sheriff's Department on December 16, 2024, in Redlands, California. DECEDENT, who was unarmed and posed no immediate threat, was shot multiple times by a sheriff's deputy, including in the back, resulting in his death.

2.    At the time of the shooting, DECEDENT was not committing any crime that justified the use of deadly force. He was unarmed and not presenting a threat of death or serious bodily injury to the deputy or anyone else. The use of deadly force was excessive and objectively unreasonable under the circumstances.

3.    Plaintiffs GUADALUPE VARGAS and FELIX GUADALUPE VARGAS, DECEDENT's parents, and Plaintiffs S.V. and E.V., minor children of DECEDENT, by and through their guardian ad litem Daniela Colmenares, bring this action individually and as successors-in-interest to the decedent. Plaintiffs seek damages for the loss of their son and father, including wrongful death damages, survival damages, punitive damages, and attorney's fees.

4.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California state law.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

6.      This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

8.      On April 3, 2025, Plaintiffs served their comprehensive and timely claim for damages on their own behalf and on behalf of DECEDENT with the COUNTY OF SAN BERNARDINO pursuant to applicable sections of the California Government Code. The claim was rejected by operation of law.

## PARTIES

9.      Jefte Vargas Ramirez ("DECEDENT"), a 37-year-old man, was killed on December 16, 2024, by Raul Ponce, a deputy working for the San Bernardino County Sheriff's Department ("SBSD"). DECEDENT was an individual residing in San Bernardino County, California.

10.     Plaintiffs S.V. and E.V. are the minor children of DECEDENT. Plaintiffs S.V. and E.V. appear in this action through their guardian ad litem, Daniela Colmenares.

FIRST AMENDED COMPLAINT FOR DAMAGES

11.    Plaintiff GUADALUPE VARGAS is the mother of DECEDENT.

12.    Plaintiff FELIX GUADALUPE VARGAS is the father of DECEDENT.

13.    Plaintiffs were financially dependent on DECEDENT, to some extent, for the necessities of life.

14.    Plaintiffs bring this action under federal and state law in their individual capacities and as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

15.    Defendant COUNTY OF SAN BERNARDINO ("COUNTY") was and is a political subdivision of the State of California located within this judicial district. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and departments, including SBSD, and for ensuring that the actions of its employees comply with the laws and Constitutions of the United States and the State of California.

16.    Defendant RAUL PONCE is a deputy employed by SBSD. RAUL PONCE was acting under color of state law, within the course and scope of his employment with the COUNTY, and with the actual or ostensible authority and ratification of COUNTY.

17.    Pursuant to California Government Code § 815.2, Defendant COUNTY is vicariously liable for the acts and omissions of RAUL PONCE to the extent those acts and omissions occurred within the scope of his employment. Defendant COUNTY is also liable under California Government Code § 815.6 for its failure to discharge a mandatory duty. Defendant RAUL PONCE is liable under California Government Code § 820(a).

18.    RAUL PONCE is sued in his individual capacity. Defendant COUNTY is sued for its direct liability under *Monell* and for vicarious

liability under California state law. Plaintiffs seek punitive damages against RAUL PONCE only.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19.    On December 16, 2024, RAUL PONCE, an SBSD deputy, responded to a call regarding a man walking near or on the Metrolink rail lines in San Bernardino, California, near the intersection of Nevada Street and California Street.

20.    The man was later identified as Jefte Vargas Ramirez ("DECEDENT"), a 37-year-old father of two. He was unarmed and not suspected of committing any serious or violent crime.

21.    Upon encountering DECEDENT, RAUL PONCE made verbal contact. DECEDENT was not threatening RAUL PONCE or anyone else and did not brandish any weapon.

22.    Despite the absence of any immediate threat of death or serious bodily harm, and despite the availability of less-lethal options and time to assess the situation, RAUL PONCE fired multiple rounds at DECEDENT.

23.    RAUL PONCE continued to fire his weapon even after DECEDENT had been struck multiple times, had turned away, and was falling to the ground.

24.    The use of deadly force under these circumstances was excessive and objectively unreasonable and contrary to police standards and training. At the time he was shot, DECEDENT was unarmed and posed no immediate threat to RAUL PONCE or anyone else.

25.    Upon information and belief, RAUL PONCE failed to provide a clear warning that deadly force would be used, and DECEDENT was not given an adequate opportunity to comply with any commands before he was shot.

26.     Upon information and belief, following the shooting, RAUL PONCE failed to render timely medical aid to DECEDENT, despite being the first and only deputy on scene at the time of the shooting.

27.     As a direct and proximate result of the shooting and the failure of RAUL PONCE to provide timely medical aid, DECEDENT endured prolonged and unnecessary pain and suffering prior to his death and ultimately died from his gunshot wounds.

28.     The shooting of DECEDENT reflects a broader pattern of inadequate training, supervision, and accountability within the SBSD regarding the use of deadly force, particularly in situations that do not justify such force.

29.     Plaintiffs are informed and believe, and on that basis allege, that RAUL PONCE was acting in accordance with a custom or policy of excessive force and deliberate indifference to the rights of civilians.

30.     As a result of Defendants' actions, Plaintiffs have suffered profound and ongoing damages, including but are not limited to the loss of the love, companionship, comfort, care, assistance, protection, affection, and moral support of DECEDENT. His minor children, S.V. and E.V., have been permanently deprived of the guidance, nurturing, and parental presence that he would have provided throughout their lives. Plaintiffs have also suffered the loss of financial support and household services that DECEDENT would have contributed, as well as the cost of funeral and burial expenses.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Unlawful Detention or Arrest (§ 1983)

(Plaintiffs S.V. and E.V. against RAUL PONCE)

31.     Plaintiffs incorporate by reference the allegations set forth above.

32.    Plaintiffs S.V. and E.V. bring this claim for relief in their capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.

33.    On December 16, 2024, Defendant RAUL PONCE, a deputy with the San Bernardino County Sheriff's Department, detained and ultimately used deadly force against DECEDENT without reasonable suspicion or probable cause to justify such actions.

34.    At the time of the initial detention and use of force, DECEDENT was unarmed, not suspected of any serious or violent crime, and was not acting in a manner that posed an immediate threat of death or serious bodily injury to the deputy or any other person.

35.    RAUL PONCE failed to use de-escalation tactics, failed to maintain a safe tactical distance, and immediately escalated to deadly force without exhausting reasonable alternatives or giving DECEDENT an adequate opportunity to comply with commands.

36.    RAUL PONCE's decision to shoot DECEDENT—especially continuing to fire even after he was turning away and falling—was unreasonable under the circumstances and constituted an unlawful seizure within the meaning of the Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment.

37.    The conduct of RAUL PONCE was willful, wanton, malicious, and done with conscious disregard for the rights and safety of DECEDENT and therefore warrants the imposition of punitive damages against RAUL PONCE in his individual capacity.

38.    RAUL PONCE was acting under color of state law and within the course and scope of his employment with the San Bernardino County Sheriff's Department.

39.    As a result of the unlawful detention and use of force by RAUL PONCE, DECEDENT suffered serious physical injuries, conscious pain and suffering, and ultimately died.

40.    Plaintiffs S.V. and E.V. seek survival damages for the pre-death pain and suffering and loss of life suffered by DECEDENT, as well as attorneys' fees and costs under § 1988.

<u>**SECOND CLAIM FOR RELIEF**</u>

**Fourth Amendment—Excessive Force (§ 1983)**

(Plaintiffs S.V. and E.V. against RAUL PONCE)

41.    Plaintiffs S.V. and E.V. incorporate by reference the allegations set forth above.

42.    Plaintiffs S.V. and E.V. bring this claim for relief in their capacity as the successors-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

43.    The Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment, guarantees all persons the right to be free from excessive force by law enforcement officers.

44.    On December 16, 2024, RAUL PONCE, a deputy with the San Bernardino County Sheriff's Department, used excessive and unreasonable force against DECEDENT, despite the fact that he was unarmed, not suspected of any serious or violent crime, and posed no immediate threat to the deputy or anyone else.

45.    RAUL PONCE fired multiple rounds at DECEDENT, including after DECEDENT had already been struck, had turned away, and was falling to the ground.

46.    Upon information and belief, RAUL PONCE failed to provide a clear or adequate warning that deadly force would be used, and failed to give

8

DECEDENT a reasonable opportunity to comply with any commands before opening fire.

47.     The use of deadly force under these circumstances was objectively excessive and unreasonable and contrary to police standards and training, particularly in light of the availability of less-lethal options, the absence of any immediate threat, and the deputy's ability to maintain distance, cover, and time.

48.     As a direct and proximate result of the actions of RAUL PONCE, DECEDENT experienced conscious pain and suffering before his death, and Plaintiffs S.V. and E.V. seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life.

49.     Plaintiffs S.V. and E.V. further seek attorneys' fees and costs pursuant to § 1988.

50.     The conduct of RAUL PONCE was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights and physical safety of DECEDENT. As a result, Plaintiffs S.V. and E.V. are entitled to an award of punitive damages against RAUL PONCE in his individual capacity.

## **THIRD CLAIM FOR RELIEF**

### **Fourth Amendment—Denial of Medical Care (§ 1983)**

#### (Plaintiffs S.V. and E.V. against RAUL PONCE)

51.     Plaintiffs S.V. and E.V. incorporate by reference the allegations set forth above.

52.    Plaintiffs S.V. and E.V. bring this claim for relief in their capacity as the successors-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

53.    RAUL PONCE was acting within the course and scope of his employment as a deputy with the SBSD and was acting under color of state law.

54.    Upon information and belief, following the shooting of DECEDENT, RAUL PONCE failed to render medical aid and failed to timely summon emergency medical care, despite knowing that DECEDENT had sustained multiple gunshot wounds and was in critical need of life-saving treatment. His failure to act was objectively unreasonable under the circumstances.

55.    The denial and delay of medical care by RAUL PONCE deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment, in violation of § 1983.

56.    As a direct and proximate result of the acts and omissions of RAUL PONCE, DECEDENT experienced conscious pain and suffering, physical and emotional distress, and ultimately died from the injuries he sustained.

57.    Plaintiffs S.V. and E.V. seek survival damages under this claim, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiffs S.V. and E.V. further seek attorneys' fees and costs pursuant to § 1988.

## FOURTH CLAIM FOR RELIEF

### Fourteenth Amendment—Denial of Familial Relationship (§ 1983)

(Plaintiffs against RAUL PONCE)

58.    Plaintiffs incorporate by reference the allegations set forth above.

59.    Plaintiffs S.V. and E.V., the minor children of DECEDENT, have a cognizable interest under the Due Process Clause of the Fourteenth Amendment to be free from unwarranted state interference in their familial relationship with their father.

60.    Plaintiffs GUADALUPE VARGAS and FELIX GUADALUPE VARGAS, the parents of DECEDENT, have a cognizable interest under the Due Process Clause of the Fourteenth Amendment in maintaining their familial relationship with their son.

61.    RAUL PONCE was acting under color of state law and within the course and scope of his employment as a deputy for the SBSD.

62.    The acts of RAUL PONCE, including the use of deadly force against DECEDENT when he was unarmed, not posing a threat, had already been shot, and was turning away and falling to the ground, shock the conscience and constitute a violation of Plaintiffs' substantive due process rights.

63.    The conduct of RAUL PONCE was undertaken with a purpose to harm unrelated to any legitimate law enforcement objective and reflected a deliberate and reckless disregard for DECEDENT's rights and the familial rights of DECEDENT's children and parents.

64.    As a direct and proximate result of RAUL PONCE's actions, DECEDENT died.

65.    Plaintiffs bring this claim in their individual capacities for the violation of their own constitutional rights.

66.    Plaintiffs seek wrongful death damages, as well as attorneys' fees and costs pursuant to § 1988.

67.    The conduct of RAUL PONCE was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights of DECEDENT and Plaintiffs. As a result, Plaintiffs are entitled to an award of punitive damages against RAUL PONCE in his individual capacity. No claim for punitive damages is asserted against the COUNTY.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability: Unconstitutional Custom or Policy (§ 1983)**

(Plaintiffs against the COUNTY)

68.    Plaintiffs incorporate by reference the allegations set forth above.

69.    When RAUL PONCE fatally shot DECEDENT and then denied DECEDENT prompt and necessary medical care, RAUL PONCE acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

70.    On information and belief, RAUL PONCE was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

71.    One or more final policymakers within the COUNTY, including Sheriff Shannon Dicus, acting under color of law and possessing final policymaking authority with respect to the policies, customs, and practices of the San Bernardino County Sheriff's Department, maintained and permitted the following unconstitutional customs, practices, and policies:

     a. Using excessive force, including excessive use of deadly force;

     b. Providing inadequate training regarding the use of deadly force;

     c. Employing and retaining as deputy sheriffs individuals such as RAUL PONCE whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for using excessive force;

FIRST AMENDED COMPLAINT FOR DAMAGES

d.  Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including RAUL PONCE, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of lethal firearms;

e.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

f.  Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g.  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h.  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i.  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

13

j.   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

72.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

73.   Defendant COUNTY, acting through final policymakers, including Sheriff Shannon Dicus, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, COUNTY condoned, tolerated and through actions and inactions thereby ratified such policies.  The COUNTY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

74.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, the COUNTY acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

FIRST AMENDED COMPLAINT FOR DAMAGES

75.    The following are only a few examples of continued conduct by sheriff's deputies working for the COUNTY, which indicate the COUNTY's failure to properly train its sheriff's deputies:

a. In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the unarmed Merlin Factor in 2013 was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.

b. In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the unarmed Nathanael Pickett in 2015 when he posed no immediate threat. In 2018, the jury in that case returned a $33.5 million verdict against Defendant COUNTY and its involved officer.

c. In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable.  In 2018, the parties settled the case for a seven-figure settlement.

d. In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of Juan Ramos was excessive and unreasonable.  In 2022, a jury agreed and awarded a six-figure verdict in Plaintiffs' favor.

  f. Numerous prior incidents at COUNTY detention centers also
support Plaintiffs' claims for Municipal Liability in this case. For
example, between 2014 and 2016, thirty-three County inmates
filed lawsuits alleging torture by the County and its deputies
involving violations of § 1983. (Case Nos. 5:15-cv-02515-JGB-
DTB) Johnny Alcala and 14 other inmates sued the County, and
David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB),
going back to years of torture by COUNTY correctional officers.
Moreover, the ACLU also brought a class action lawsuit alleging
unconstitutional treatment of LGBT inmates at the WVDC. (Case
No. 14-2171-JGB-SP). The ACLU's lawsuit addressed WVDC's
unconstitutional denial of services, including failure to make
safety checks as mandated by Title 15, and the suit represented
approximately 600 individuals.

76. Accordingly, Defendant COUNTY is liable to Plaintiffs for
compensatory damages under § 1983.

77. Plaintiffs bring this claim individually and as successors in
interest to DECEDENT and seek wrongful death damages under this claim.
Plaintiffs also seek attorney's fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability: Failure to Train (§ 1983)

(Plaintiffs against COUNTY)

78. Plaintiffs incorporate by reference the allegations set forth above.

79. The acts of RAUL PONCE, including fatally shooting
DECEDENT though he was unarmed and did not pose an immediate threat of
death or severe bodily injury, and continuing to shoot when DECEDENT was
turning away and falling to the ground,, failing to give a warning that deadly
force would be used prior to shooting, and then denying prompt and

necessary medical care, deprived DECEDENT and Plaintiffs of their rights under the United States Constitution.

80.    The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

81.    Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

82.    The failure of Defendant COUNTY to provide adequate training caused the deprivation of the DECEDENT's and Plaintiffs' rights by RAUL PONCE; that is, the defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

83.    One or more final policymakers, including Sheriff Shannon Dicus, acting under color of law and possessing final policymaking authority with respect to the training, supervision, and discipline of Defendant COUNTY's deputies, were deliberately indifferent to the need for adequate training on the use of deadly force despite knowledge of a pattern of similar constitutional violations by deputies under their command.

84.    The following are only a few examples of continued conduct by sheriff's deputies working for the COUNTY, which indicate its failure to properly train its sheriff's deputies:

      a. In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the unarmed Merlin Factor was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.

b. In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that an SBSD deputy used deadly force against the unarmed Nathanael Pickett when he posed no immediate threat. The jury in that case returned a $33.5 million verdict against the COUNTY and the involved deputy.

c. In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable.  In 2018, the parties settled the case for a seven-figure settlement.

d. In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

e. In *V.R. v. County of San Bernardino, et al.*, case number 5:19-cv-01023-JGB-SP, Plaintiffs argued at trial that the 2018 shooting of Juan Ramos was excessive and unreasonable.  In 2022, a jury agreed and awarded a six-figure verdict in Plaintiffs' favor.

f. Numerous prior incidents at COUNTY detention centers also support Plaintiffs' claims for Municipal Liability in this case. For example, between 2014 and 2016, thirty-three County inmates filed lawsuits alleging torture by the County and its deputies involving violations of § 1983. (Case Nos. 5:15-cv-02515-JGB-DTB). Johnny Alcala and 14 other inmates sued the County, and David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB), going back to years of torture by County correctional officers. Moreover, the ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the County's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit

18

1　　　addressed WVDC's unconstitutional denial of services, including
2　　　failure to make safety checks as mandated by Title 15, and the
3　　　suit represented approximately 600 individuals.

4　85.　By reason of the aforementioned acts and omissions, Plaintiffs
5 have suffered loss of the love, companionship, affection, comfort, care,
6 society, training, guidance, and past and future support of DECEDENT. The
7 aforementioned acts and omissions also caused DECEDENT's pain and
8 suffering, loss of enjoyment of life, and death.

9　86.　Accordingly, Defendant COUNTY is liable to Plaintiffs for
10 compensatory damages under § 1983.

11　87.　Plaintiffs bring this claim as successors in interest to
12 DECEDENT and seek wrongful death damages under this claim.  Plaintiffs
13 also seek attorney's fees and costs under this claim.

14　　　　　**<u>SEVENTH CLAIM FOR RELIEF</u>**
15　　　　**Municipal Liability: Ratification (§ 1983)**
16　　　　　(Plaintiffs against COUNTY)

17　88.　Plaintiffs incorporate by reference the allegations set forth above.

18　89.　Defendant RAUL PONCE was acting under color of state law and
19 within the course and scope of his employment with SBSD.

20　90.　The acts and omissions of Defendant RAUL PONCE deprived
21 DECEDENT and Plaintiffs of their rights under the United States
22 Constitution, including by intentionally and unjustifiably shooting
23 DECEDENT, resulting in his death, and depriving Plaintiffs of their familial
24 relationship with him.

25　91.　One or more final policymakers within the COUNTY, including
26 Sheriff Shannon Dicus, ratified or will ratify the acts and omissions of
27 Defendant RAUL PONCE by reviewing the shooting of DECEDENT, with
28 knowledge that DECEDENT was unarmed and did not pose an immediate

threat of death or serious bodily injury at the time he was shot, and expressly approving Defendant RAUL PONCE's use of deadly force and failing to impose any discipline.

92.    SBSD's official policy prohibits the use of deadly force unless an individual poses an immediate threat of death or serious bodily injury to deputies or others. The conduct of Defendant RAUL PONCE was contrary to that policy, as DECEDENT posed no such threat at the time he was shot.

93.    One or more final policymakers, including Shannon Dicus, have determined, or will determine, that the actions of Defendant RAUL PONCE were "within policy," thereby ratifying those actions.

94.    By reason of the aforementioned acts and omissions, Defendant COUNTY is liable to Plaintiffs for compensatory damages under § 1983.

95.    Plaintiffs bring this claim individually and seek wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to § 1988.

## EIGHTH CLAIM FOR RELIEF

### False Arrest / False Imprisonment (Wrongful Death and Survival)

#### (Plaintiffs against RAUL PONCE and COUNTY)

96.    Plaintiffs incorporate by reference the allegations set forth above.

97.    Plaintiffs bring this claim in their capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.

98.    On December 16, 2024, Defendant RAUL PONCE, a deputy employed by the SBSD, unlawfully detained and ultimately used deadly force against DECEDENT without reasonable suspicion or probable cause.

99.    At the time of the detention and use of force, DECEDENT was unarmed, not suspected of any serious or violent crime, and was not engaged in any criminal activity that justified his detention or arrest.

100.   RAUL PONCE detained DECEDENT through the use of force and coercion, escalating immediately to deadly force without providing clear commands, warnings, or lawful justification. DECEDENT was not free to leave, and his freedom of movement was intentionally restricted by RAUL PONCE's conduct.

101.   The detention and ultimate fatal use of force constituted a false arrest and false imprisonment under California law.

102.   The conduct of RAUL PONCE was a substantial factor in causing harm to DECEDENT, including physical pain, emotional distress, and death.

103.   RAUL PONCE was acting within the course and scope of his employment with the SBSD.

104.   Defendant COUNTY is vicariously liable for the wrongful acts of RAUL PONCE pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of his employment if the employee would be personally liable.

105.   The conduct of RAUL PONCE was malicious, wanton, and oppressive, and carried out with conscious disregard for the rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive damages against RAUL PONCE in his individual capacity.

106.   As a result of the foregoing, DECEDENT suffered serious injuries, conscious pain and suffering, emotional distress, and ultimately, death. Plaintiffs seek wrongful death and survival damages, including but not limited to pre-death pain and suffering, emotional anguish, loss of life, loss of enjoyment of life, and any related medical and funeral expenses.

## NINTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival)

(Plaintiffs against RAUL PONCE and COUNTY)

107.   Plaintiffs incorporate by reference the allegations set forth above.

108.   RAUL PONCE was acting within the course and scope of his employment as a deputy for SBSD and was acting under color of state law.

109.   RAUL PONCE intentionally shot DECEDENT, causing his fatal injuries. RAUL PONCE had no legal justification for using deadly force against DECEDENT, rendering the use of such force unreasonable and unlawful under the circumstances.

110.   At the time of the shooting, DECEDENT was unarmed, posed no immediate threat of death or serious bodily injury, and was turning away and falling to the ground when some of the shots were fired.  Less-lethal alternatives were available, and, upon information and belief, no verbal warning of deadly force was given.

111.   Pursuant to California Government Code § 815.2, Defendant COUNTY is vicariously liable for the wrongful acts of its employee, RAUL PONCE.

112.   The conduct of RAUL PONCE was malicious, wanton, and oppressive, and carried out with a conscious disregard for the rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive damages against RAUL PONCE.

113.   Plaintiffs seek wrongful death, survival, and punitive damages under this claim. Survival damages include pre-death pain and suffering.

## TENTH CLAIM FOR RELIEF

### Negligence (Wrongful Death and Survival)

(Plaintiffs against all Defendants)

114.   Plaintiffs incorporate by reference the allegations set forth above.

115.   RAUL PONCE was acting within the course and scope of his employment as a deputy for the SBSD.

FIRST AMENDED COMPLAINT FOR DAMAGES

116.   Law enforcement officers, including RAUL PONCE, owe a duty to exercise reasonable care in the performance of their duties, including but not limited to: using appropriate de-escalation tactics; giving clear, non-conflicting commands; using deadly force only when necessary; and providing or summoning timely medical care after causing serious injury.

117.   RAUL PONCE breached that duty by shooting DECEDENT without legal justification. The actions of RAUL PONCE were negligent, including but not limited to:

     a.    the unlawful and unreasonable use of deadly force;

     b.    the failure to de-escalate the situation prior to using force;

     c.    the failure to give clear, adequate, or lawful verbal commands;

     d.    the immediate and unjustified escalation to a deadly force option without attempting less-lethal alternatives;

     e.    the failure to maintain a safe tactical distance or use cover to allow time for assessment and communication;

     f.    the failure to reassess the threat posed by DECEDENT after he had been shot and was turning away;

     g.    the continued use of deadly force even after DECEDENT had been shot and was moving away from the deputy;

     h.    the failure to recognize and respond appropriately to DECEDENT's nonviolent and non-threatening behavior;

118.   DECEDENT posed no immediate threat of death or serious bodily injury, was unarmed, and was not warned that deadly force would be used.

119.   Defendant COUNTY is vicariously liable for the negligence of RAUL PONCE pursuant to California Government Code § 815.2(a).

120.   Plaintiffs seek survival and wrongful death damages under this claim; survival damages include pre-death pain and suffering damages.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(Plaintiffs against RAUL PONCE and COUNTY)

121.  Plaintiffs incorporate by reference the allegations set forth above.

122.  RAUL PONCE was acting within the course and scope of his employment with SBSD and was acting under color of state law.

123.  The Bane Act, California Civil Code § 52.1, prohibits any person, whether or not acting under color of law, from interfering by threat, intimidation, or coercion with the exercise or enjoyment of an individual's constitutional rights.

124.  When RAUL PONCE unnecessarily shot DECEDENT, he interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. RAUL PONCE intentionally used deadly force, demonstrating a reckless disregard for DECEDENT's right to be free from excessive force.

125.  RAUL PONCE acted with the purpose and effect of interfering with those rights through coercive and deadly means.

126.  Plaintiffs are informed and believe that DECEDENT reasonably perceived the conduct of RAUL PONCE as violent and threatening, and that such conduct discouraged and ultimately eliminated his ability to exercise his constitutional rights.

127.  As a result of the conduct of RAUL PONCE, DECEDENT experienced conscious pain and suffering, loss of life, and Plaintiffs were deprived of his love, companionship, and support.

128.  Pursuant to California Government Code § 815.2(a), Defendant COUNTY is vicariously liable for the wrongful conduct of RAUL PONCE.

129.   The conduct of RAUL PONCE was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of DECEDENT and Plaintiffs. Plaintiffs are therefore entitled to punitive damages against RAUL PONCE in his individual capacity.

130.   Plaintiffs seek survival damages, punitive damages, attorneys' fees, and costs under California Civil Code § 52.1, including a multiplier as permitted by Civil Code § 52 et seq.

FIRST AMENDED COMPLAINT FOR DAMAGES

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs S.V. and E.V., by and through their guardian ad litem Daniela Colmenares, and GUADALUPE VARGAS and FELIX GUADALUPE VARGAS, request entry of judgment in their favor against Defendants COUNTY OF SAN BERNARDINO and RAUL PONCE, as follows:

1.     For compensatory damages in excess of thirty million dollars, including: survival damages—such as pre-death pain and suffering and loss of life— and wrongful death— such as loss of love, affection, association, companionship, society, care, comfort, protection, and guidance;

2.     For funeral and burial expenses, and loss of financial support;

3.     For punitive damages against RAUL PONCE in an amount to be proven at trial;

4.     For statutory damages;

5.     For reasonable attorneys' fees and litigation expenses, including pursuant to § 1988 and applicable California law;

6.     For costs of suit and interest incurred; and

7.     For such other and further relief as the Court may deem just, proper, and appropriate.


DATED: December 30, 2025          **LAW OFFICES OF DALE K. GALIPO**

                                  _/s/_    _Dale K. Galipo_
                                  Dale K. Galipo
                                  Renee V. Masongsong
                                  Cooper Alison-Mayne
                                  *Attorney for Plaintiffs*

First Amended Complaint for Damages

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: December 30, 2025          **LAW OFFICES OF DALE K. GALIPO**


/s/      *Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

27