**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE VARGAS; FELIX GUADALUPE VARGAS; and S.V. and E.V., minors, by and through their Guardian ad Litem, Daniela Colmenares; individually and as successors-in-interest to Jefte Vargas Ramirez,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO and RAUL PONCE,<br><br>Defendants. | Case No. 5:25-cv-01893-JGB-E<br><br>*Assigned to*:<br>Hon. District Judge Jesus G. Bernal<br>Hon. Magistrate Judge Charles F. Eick<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT** |

**TO THIS HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure Rule 26(f), Central District Local Rule 26-1, and this Court's Order (Dkt. No. 19), Plaintiffs Guadalupe Vargas, Felix Vargas, and S.V. and E.V., minors by and through their Guardian ad Litem, Daniela Colmenares, and Defendants County of San Bernardino and Raul Ponce hereby respectfully submit the following Joint Rule 26 Scheduling Conference Report. Pursuant to FRCP 26(f) and this Court's Standing Order, an early meeting

was held on October 30, 2025, between Plaintiffs' counsel, Renee V. Masongsong and Cooper Alison-Mayne of the Law Offices of Dale K. Galipo, and Defendants' counsel, Kathryn J. Harvey of Wesierski & Zurek LLP.

## A. STATEMENT OF THE CASE

### 1. ACCORDING TO PLAINTIFFS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful shooting of Decedent Jefte Vargas Ramirez on December 16, 2024. On that date, County of San Bernardino Sheriff's Department Deputy Raul Ponce shot and killed Mr. Vargas Ramirez after responding to a report of a person trespassing on the Metrolink Rails. At the time of the shooting, Mr. Vargas Ramirez was unarmed, and he did not pose an immediate risk of death or serious bodily injury to the deputy or to any other person; therefore, the shooting was excessive and unreasonable. When Deputy Ponce began shooting, Mr. Vargas Ramirez had his arms outstretched to his sides. After the shots started, Mr. Vargas Ramirez turned away from the deputy, and Deputy Ponce continued to fire shots at Mr. Vargas Ramirez's back. The Plaintiffs are Mr. Vargas Ramirez's parents and minor children. Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, including Unlawful Detention, Excessive Force, Denial of Medical Care, and Interference with Familial Relationship; (2) Municipal Liability – Unconstitutional Custom, Practice or Policy, Inadequate Training, and Ratification; (3) False Arrest; (4) Battery; (5) Negligence; and (6) violation of California Civil Code § 52.1.

### 2. ACCORDING TO DEFENDANTS

This matter relates to an officer involved shooting on December 16, 2024. On December 16, 2024, at approximately 7:20 a.m., San Bernardino County Sheriff's Department, Metrolink Deputy Raul Ponce, received a call from Metrolink about a

male trespassing on the railroad tracks at California Street and Interstate 10 freeway in Redlands. Deputy Ponce responded to the call to find Mr. Vargas Ramirez on or near the tracks. Deputy Ponce instructed Mr. Vargas Ramirez several times to vacate the area. In response, Mr. Vargas Ramirez refused, and picked up a large rock, extending his arm to throw the rock, and yelling expletives at Deputy Ponce. Deputy Ponce made several additional attempts to de-escalate the situation, as Mr. Vargas Ramirez continued to shout at the Deputy, refusing to drop the rock and maintaining an aggressive stance. Mr. Vargas Ramirez yelled at the deputy "I'm going to smash it [the rock] on you." Deputy Ponce commanded at least seven additional times for Mr. Vargas Ramirez to walk away. Instead, Mr. Vargas Ramirez advanced on Deputy Ponce with the rock, at which time Deputy Ponce opened fire.

Defendants contend that Mr. Vargas Ramirez posed a threat of death or serious injury before the Defendant Officer opened fire on Mr. Vargas Ramirez. Defendants also contend that medical aid was timely summoned for Mr. Vargas Ramirez. Defendants dispute that it maintains unconstitutional policies, customs, or habits and training programs and/or that it fails to train, supervise, or properly hire its employees.

**B. SUBJECT MATTER JURISDICTION**

This court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

## C. LEGAL ISSUES

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the actions and inactions by Defendant Raul Ponce were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence, including whether the shooting was excessive and unreasonable;
2. Whether the shooting and alleged use of excessive force against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
3. Whether Defendant Raul Ponce unreasonably denied medical care to Decedent;
4. Whether Deputy Ponce's use of deadly force interfered with Plaintiffs' constitutional right to a familial relationship with Decedent;
5. Whether Deputy Ponce is entitled to qualified immunity;
6. Whether the Deputy Ponce has immunity pursuant to Government Code section 820.4;
7. Whether the County of San Bernardino maintained unconstitutional customs, practices, and/or policies, that were the cause of the Decedent's injuries;
8. Whether the County failed to train its deputies with respect to the use of deadly force;
9. Whether the County ratified Deputy Ponce's use of force;
10. Whether Deputy Ponce's use of force was unreasonable under California law;
11. Whether the Defendant Deputy Ponce was negligent with respect to his handling of the situation, including the use of deadly force against Decedent and pre-shooting negligent tactics;

12. The nature and extent of Plaintiffs' damages, including punitive damages.

**D. PARTIES, EVIDENCE, ETC.**

The currently named parties are Plaintiffs Guadalupe Vargas, Felix Guadalupe Vargas, and S.V. and E.V., by and through their Guardian ad Litem, Daniela Colmenares, and Defendants, County of San Bernardino and Raul Ponce.

Plaintiffs anticipate that the evidence they will use to support their claims will consist primarily of: Defendant Raul Ponce's body-worn camera and dash-camera video recordings; the documents, photographs, forensic reports and/or materials generated and/or collected during the San Bernardino Sheriff's Department's investigation of the subject incident; the County of San Bernardino Sheriff's Department's policies and training procedures in effect at the time of the subject incident; Defendant Raul Ponce's training and disciplinary records; and expert testimony.

Defendants anticipate the evidence they will use in defense of Plaintiff's allegations will primarily consist of: Defendant Raul Ponce's body-worn camera recordings; Metrolink Video(s) of Mr. Vargas Ramirez on the tracks; surveillance videos from nearby businesses; call records from the date of the incident; witness statements and videos; medical and autopsy records for Mr. Vargas Ramirez; the documents, photographs, forensic reports and/or materials generated and/or collected during the San Bernardino Sheriff's Department's investigation of the subject incident; the County of San Bernardino Sheriff's Department's policies and training procedures in effect at the time of the subject incident; Defendant Raul Ponce's training and disciplinary records; and expert testimony

**E. DAMAGES**

Plaintiffs claim survival damages, including pre-death pain and suffering, and wrongful death damages as a result of the subject incident, and punitive damages against Defendant Raul Ponce. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiffs assert that a realistic range of their provable damages will

be based on further discovery, and expert testimony. At this time, Plaintiffs estimate their damages to be in excess of $30 million.

Defendants deny liability and causation. Moreover, pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the County is not liable for exemplary or punitive damages in any sum, or at all.

### F. INSURANCE

Defendant County of San Bernardino is a self-insured public entity per California Government Code § 990.

### G. MOTIONS

**1.     Procedural Motions**

The Parties anticipate bringing motions *in limine* should this case proceed to trial.

**2.     Stipulation Re: Protective Order**

The Parties have agreed to enter into a protective order and anticipate filing such a request and [Proposed] Order within 15 days of filing this Joint Report.

### H. MANUAL FOR COMPLEX LITIGATION

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

### I. STATUS OF DISCOVERY

The Parties exchanged Initial Disclosures on or about November 24, 2025.

The parties have not completed any other discovery as of the time of the drafting of this report. The parties anticipate serving written discovery and taking depositions before the end of 2026.

### J. DISCOVERY PLAN

The parties' counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitation discovery imposed under the FRCP or Local Rules at this

time. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information. The parties' counsel agree that no changes should be made as to discovery as it is governed by law or the Local Rules.

Plaintiffs anticipate promptly propounding written discovery on Defendants, including a request for production seeking the materials pertaining to Defendant County's investigation into the subject incident. Plaintiffs also anticipate deposing Raul Ponce, other responding San Bernardino Sheriff's Department deputies, and Defendants' retained experts. Plaintiffs may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Decedent, any witnesses to the incident as identified in Defendants' discovery production, the person(s) most knowledgeable regarding Defendant County's and the San Bernardino Sheriff's Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiffs believe that subjects on which discovery may be needed include: Defendant Raul Ponce's training; Raul Ponce's prior uses of force, if any, including any citizens' or internal complaints made against Ponce; Defendant County's and the San Bernardino Sheriff's Department's policies with regards to use of force complaints; Defendant County's and the San Bernardino Sheriff's Department's policies with regards to when deadly force may be used; the handling of evidence by employees of Defendant County and the San Bernardino Sheriff's Department; medical treatment provided to Decedent at the scene of the incident; and testimony of witnesses and involved San Bernardino Sheriff's Department deputies regarding the facts of the shooting incident and the County's investigation into the incident.

Defendants anticipate promptly propounding written discovery on all Plaintiffs. Defendants intend to issue various deposition subpoenas, including for Mr. Vargas Ramirez's medical records, and to propound written discovery to Plaintiffs. Defendants anticipate deposing Plaintiffs, other percipient witnesses who are

identified in the course of discovery as well as Plaintiffs' liability and damages experts. As such, Defendants anticipate that they will require the ten allotted depositions pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i).

### K. DISCOVERY CUT-OFF

The Parties propose a discovery cut-off date of January 4, 2027.

### L. EXPERT DISCOVERY

The Parties propose an initial expert disclosure date of October 16, 2026.

The Parties propose a rebuttal expert disclosure date of November 6, 2026.

### M. DISPOSITIVE MOTIONS

Plaintiffs request a minimum of two (2) weeks to oppose any dispositive motion, such as a motion for summary judgment or summary adjudication, should one be filed by Defendants. The Parties propose the following briefing schedule:

Last Day to File Dispositive Motions: December 4, 2026

Last Day to File Oppositions to Dispositive Motions: December 18, 2026

Last Day to File Replies re Dispositive Motions: January 4, 2027

Last Day to Hear Dispositive Motions: February 1, 2027

### N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

No settlement discussions have taken place at this time. The parties are amenable to using a private mediator or mediator with the attorney settlement panel.

### O. TRIAL ESTIMATE

The Parties propose a trial date of June 1, 2027. The parties have requested trial by jury and estimate the length of the trial at approximately 5 court days after jury selection. The parties anticipate they will call approximately 16 witnesses at trial.

Defendants do not consent to a magistrate judge in this case.

**P. TRIAL COUNSEL**

Dale K. Galipo will be lead trial counsel for the Plaintiffs.

Christopher P. Wesierski and Kathryn J. Harvey will be trial counsel for Defendant(s).

**Q. INDEPENDENT EXPERT OR MASTER**

The parties agree that neither a discovery master nor independent expert are needed for this lawsuit.

**R. TIMETABLE**

Please see attached proposed schedule of dates.

**S. OTHER ISSUES**

The parties do not believe there are any other issues to discuss at this time.

Respectfully submitted,

DATED: Jan. 19, 2026          WESIERSKI & ZUREK LLP

                              By: /s/ Kathryn J. Harvey
                              _____
                              Kathryn J. Harvey
                              Attorneys for Defendants,
                              COUNTY OF SAN BERNARDINO and
                              RAUL PONCE

DATED: Jan. 19, 2026          LAW OFFICES OF DALE K. GALIPO

                              By: /s/ Renee V. Masongsong
                              _____
                              Dale K. Galipo
                              Renee V. Masongsong
                              Cooper Alison-Mayne
                              Attorneys for Plaintiffs

4934-1793-3449.1 SBD-00031

-9-

JOINT RULE 26 SCHEDULING CONFERENCE REPORT